**Sharon and Robert STOLL, Appellants,**

v.

**Suzanne B. ROTHCHILD, M.D., Joanne L. Baker and St. Luke's Episcopal Hospital, Appellees.**

**No. B14–87–755–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 17, 1988.

Rehearing Denied Dec. 15, 1988.

Elizabeth Kilbride, Arnold Anderson Vickery, Houston, for appellants.

Joseph R. Alexander, Jr., Doreen Z. Bartlett, Houston, for appellees.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

In this medical malpractice case, appellants Sharon and Robert Stoll appeal the judgment of the trial court. They contend the lower court abused its discretion in granting a motion to strike their expert witnesses. Appellants failed to supplement timely their answers to interrogatories to designate expert witnesses more than thirty days before trial. In their sole point of error, appellants assert the trial court abused its discretion in failing to find good cause to compel the admission of the expert testimony. We find no abuse of discretion and affirm.

Appellants Sharon and Robert Stoll brought a medical malpractice suit against appellees based upon damages which allegedly occurred during the birth of the Stolls' first child. Sharon Stoll, age 40, was admitted to St. Luke's Episcopal Hospital for a routine delivery. They alleged that during her extended labor appellees Rothchild and Baker failed to perform competently their duties as attending doctor and nurse by failing to monitor appellant, by allowing appellant to remain unduly long in hard labor, and by failing to catherize her bladder which resulted in pelvic relaxation and incontinence. Robert Stoll joined the lawsuit alleging loss of consortium.

In pre-trial discovery, appellees forwarded interrogatories to appellants which requested the name, address, and phone number of each expert witness appellants intended to call at trial. Appellants responded in their answers that "the name and address of each person we will call as an expert witness has not been determined. As soon as this is determined, you will be notified." Appellants failed, however, to supplement their answers to interrogatories to name their expert witnesses for trial.

On the day of the trial, appellants attempted to certify their trial experts while the jury waited in the hall outside the courtroom. Appellees moved to strike the designation of experts. Appellants responded with their own Motion for Leave to Designate Expert Witness and Response to Defendants' Motion to Strike. The appellants claimed in this motion that the notice requirements of Rule 166b had been met, that there was no surprise in the designation of their expert witnesses, and that there was no prejudice in allowing the experts to be designated. The trial court in effect found that appellants did not show sufficiently good cause so as to permit their late designation of expert witnesses.

After the trial court overruled appellants' motion for leave, the appellants commenced the trial and, after presenting a short opening statement, rested without introducing any evidence as to liability or damages. The trial court encouraged ap-

pellants to offer a bill of exceptions or to put on proof; yet appellants refused due to an agreement among counsel to forego a bill of exceptions in exchange for appellees' waiver of jury trial. After appellants rested, appellees moved for a directed verdict which the trial court granted.

Appellants assert in their single point of error that the trial court abused its discretion when it failed to find good cause existed to allow them to supplement their answers to interrogatories to designate their expert witnesses on the day of trial. They assert that: 1) the experts had been disclosed more than thirty days before trial; 2) the testimony of their undesignated expert witnesses was necessary to establish the causation element in their medical malpractice claim; 3) the appellees were not surprised by the designations; 4) the appellants did not abuse the discovery process; and 5) the sanction imposed did not further the purposes of the discovery rules.

A litigant before the trial court has a duty upon it to supplement its answers to interrogatories and request for production under Rule 166b(5), Tex.R.Civ. P. The failure to list a witness in a response to an appropriate inquiry, in this case answers to interrogatories, creates a duty to supplement the response to include the name, address, telephone number, and substance of the expert's testimony as soon as is practicable, but in no event less than thirty days before trial. Tex.R.Civ.P. 166b(5)(b). The failure to supplement results in the loss of opportunity to offer the witness' testimony at trial. This sanction is automatic. *Morrow v. H.E.B., Incorporated,* 714 S.W.2d 297 (Tex.1986). A failure to supplement timely invokes the automatic sanction unless the trial court finds good cause sufficient to require admission. Tex.R.Civ.P. 215(5). Not only must such good cause exist, but the party must show that it compels the admission of the testimony. *Gannett Outdoor Company of Texas v. Kubeczka,* 710 S.W.2d 79, 84, (Tex. App.—Houston [14th Dist.] 1986, no writ). The determination of good cause is within the trial court's sound discretion and can only be set aside if that discretion is

abused. *Smithson v. Cessna Aircraft Company*, 665 S.W.2d 439, 442 (Tex.1984). In determining whether there was an abuse of discretion, we must ascertain whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aqua Marine Operators Incorporated*, 701 S.W.2d 238 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ A trial court may impose sanctions on any party that abuses the discovery process. Tex.R.Civ.P. 215. A trial court abuses its discretion if the sanction imposed does not further one of the purposes that the discovery sanctions were intended to further. These purposes are: (1) to secure the party's compliance with the rules of discovery; (2) to deter other litigants from violating the discovery rules; and (3) to punish parties that violate the rules. *Bodnow Corporation v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986).

■ In the present appeal, appellants ignored well established discovery rules when they neglected to supplement their answers to reflect testifying expert witnesses. *Morrow v. H.E.B., Incorporated*, 714 S.W.2d 297 (Tex.1986); *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.*, 701 S.W.2d 243 (Tex.1985); *E.F. Hutton & Company, Inc. v. Youngblood*, 741 S.W.2d 363 (Tex.1987); *Gannett Outdoor Company of Texas*, 710 S.W.2d 79 (Tex.App.—Houston [14th Dist.] 1986, no writ). Appellants were on notice of the trial date and the Rules of Civil Procedure. Counsel for appellants admitted at oral argument that on April 23, less than thirty days before trial, he was preoccupied with getting a testifying expert so that he did not supplement his answers. Appellants assert that to strike their experts, pursuant to Rule 215, for failure to supplement, as required by Rule 166b, is to "provide meaningless hoops through which to jump." However, appellants misunderstand the function of the rules of discovery. The rules are enacted and enforced to give each side full and complete discovery by not allowing parties, such as appellants here, to hide behind ambiguous disclosures and questionable designations.

Further, we note that appellants waited over two years to formally designate expert witnesses and only then on the day of trial. Indeed, the disputed experts seem to have been originally contacted solely in response to appellees' motion for summary judgment. Such chronic inexcusable delay helped form the basis for adopting the discovery sanctions. The sanction imposed by the trial court was permissible under the Rules and well within the court's discretionary power.

Appellants assert that they complied with the discovery rules by disclosing their experts in the pre-trial summary judgment proceedings. However, we find that appellants did not adequately disclose the identity, address and phone number of the experts they specifically intended to call at trial as required by the rules. Tex.R.Civ.P. 166b. Appellants assert that the affidavit of Nurse Guidry, which was attached to their motion in opposition to summary judgment constituted adequate disclosure of Guidry as a trial expert. Assuming, *arguendo*, that an affidavit of this character could fulfill the disclosure and supplementation requirements, the appellants have nonetheless failed to forward this affidavit to this Court for review. Therefore, they have failed to present an adequate record upon which to determine the adequacy of the affidavit. Without the affidavit before us, we cannot determine whether appellants adequately disclosed Nurse Guidry's name, address, phone number, and substance of her testimony to find compliance with the requirements of the discovery rules. Tex.R.Civ.P. 166b. The burden is upon appellants to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50.

Appellants assert that the deposition of Doctor Gullett constituted adequate disclosure under the rules. However, as in the case of Nurse Guidry, the appellants have also failed to secure his deposition in the record before this Court. We cannot determine from the record before us whether appellants have adequately disclosed the

name, address, phone number, and substance of the testimony of Doctor Gullett. Tex.R.Civ.P. 166b. Therefore, we cannot pass upon the trial court's ruling as to Guidry and Gullett for the appellants have failed to preserve error, if any.

The failure to disclose the address of Doctor Fields within the time limits of Rule 166b does not constitute adequate disclosure under the rules. *Morrow,* 714 S.W.2d at 297; *Yeldell,* 701 S.W.2d at 243; *Braniff Inc. v. Lentz,* 748 S.W.2d 297, 301 (Tex. App.—Fort Worth 1988, no writ); Tex.R. Civ.P. 166b. Any argument that appellants' experts were recently discovered is insufficient to constitute good cause. *Morrow,* 714 S.W.2d at 298; *Braniff,* 748 S.W.2d at 301.

Appellants assert that Doctor Field's identity was disclosed more than thirty days before trial. However, there is a discrepancy in the record as to when this disclosure actually occurred. In one part of the record, Field's identity was disclosed one day before the thirty day deadline. However, in several places in the record and in the appellants' brief, they admit that the doctor's identity was not disclosed until April 22 or 23 which was less than thirty days before the trial of May 20. Even if we assume that Fields' testimony and identity were disclosed more than thirty days before trial, the appellants have failed nonetheless to disclose his address and phone number as required by the rules. *Morrow,* 714 S.W.2d at 297; Tex.R.Civ.P. 166b.

■ Assuming that the affidavit of Guidry and Field were timely and contained the required information, the affidavits still fall short of the standards of a proper supplementation under both case law and the facts under which appellants labor. First, affidavits attached to summary judgment motions are distinguishable from an unqualified supplementation of a response directed at designation of testifying experts. *Gandara v. Novasad,* 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, n.w.h.); *Hall Construction Company v. Texas Industries,* 748 S.W.2d 533, 536 (Tex.App.—Dallas 1988, n.w.h.). It is not necessary to call an affiant at trial nor does it necessarily follow that the affiant will be called by the side which originally submitted the particular affidavit proof. *Gandara,* 752 S.W.2d at 743. Appellee Rothchild argues that appellants' affidavits merely demonstrate the intent to controvert the motion for summary judgment and not to offer the affiant as a testifying expert. Indeed, appellants in their Affidavit in Opposition to Motions for Summary Judgment and In Support of Plaintiff's Requested Continuance, dated April 20th, referred to Doctor Fields as merely a consulting expert. In their April 8th motion for a continuance of the summary judgment hearing, the appellants referred to Doctor Gullett as "one of the potential experts." This in itself indicates that Doctor Gullett and Nurse Guidry were at that time undesignated experts. Further, appellants referred to Guidry, Fields, and Gullett in the context of the summary judgment proceedings and never unequivocally as experts who would testify at trial.

Even though appellants' answers to interrogatories indicated that "[a]s soon as [the experts] are determined, you will be notified," this assertion does not give them free latitude to dictate what constitutes notification. Absent a clear supplementation or a clear designation, the undefined "notified" contained in their answer will not allow appellants to determine what constitutes a proper designation. *See American Cyanamid Company v. Frankson,* 732 S.W.2d 648, 655 (Tex.App.—Corpus Christi 1987, no writ).

■ Appellants assert that the appellees were effectively notified via the affidavits attached to their response to motions for summary judgment and through the deposition testimony of Gullett. However, in their pre-trial affidavit in support of a continuance, appellants referred to Doctor Fields as a "consulting expert." This does not constitute effective notification under any standard. There is a recognized difference between a consultant and a testifying expert, which difference affects not only disclosure requirements but privileges under the discovery rules. *See American*

*Cyanamid,* 732 S.W.2d at 655; Tex.R.Civ. P. 166b(2)(e) and (3). Though the absence of a positive designation as consultant will allow the discovery of an expert's reports, factual observations, and opinions, there is an express recognition of a difference between a consultant and an expert at trial. *Barker v. Dunham,* 551 S.W.2d 41, 44 (Tex.1977).

Moreover, the function of experts within the summary judgment framework is different from the function of a testifying trial expert. *See City of Dallas v. Continental Airlines Inc.,* 735 S.W.2d 496 (Tex. App.—Dallas 1987, writ denied); *Gandara v. Novasad,* 752 S.W.2d 740 (Tex.App.—Corpus Christi 1988, n.w.h.). Appellants' use of the term "consultant" and "potential experts" evidences the failure to clearly and unambiguously designate their trial experts. *See, American Cyanamid Company v. Frankson,* 732 S.W.2d 648, 655 (Tex. App.—Corpus Christi 1987, ref'd n.r.e.).

■ Appellants assert that they could not supplement their answers or certify their trial experts because the hearing on the motion for summary judgment was set within thirty days of trial, thereby creating a possibility that no trial might occur. The timing of a motion for summary judgment does not affect the timetable by which trial experts must be certified. *See Gandara v. Novasad,* 752 S.W.2d 740 (Tex.App.—Corpus Christi 1988, n.w.h.).

Appellants assert that surprise is a factor in a showing of good cause. However, the Supreme Court in *Morrow* makes clear that lack of surprise is the inverse of the standard. Appellants must show good cause why the testimony should be admitted. *Morrow,* 714 S.W.2d at 298. As counsel for appellee Rothchild maintained, the presence of controverting affidavits to the motion for summary judgment did not put him on notice that the affiant would be called at trial. Instead, appellees relied on appellants' answers to a direct question concerning trial experts. The incompleteness of appellants' answer was certainly not the fault of appellees. We decline to impose on appellees the burden that they should have known appellants intended to call the summary judgment experts at trial.

■ In summation, good cause denotes a strict standard which requires the party to convince the trial court that the justice of the case requires or compels admission. *Gannett Outdoor Company of Texas,* 710 S.W.2d 79 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Investors, Inc. v. Hadley,* 738 S.W.2d 737, 743 (Tex.App.—Austin 1987, no writ). The court in *Investors, Inc.* found a failure to demonstrate good cause where counsel had previously discussed his appearance as an expert, that he would make himself and his records available for discovery, and that the opponent would not be prejudiced or surprised by the late supplementation. The court in *Hall Construction Company v. Texas Industries,* 748 S.W.2d 533, 536 (Tex.App.—Dallas 1988, no writ) found that the proponent failed to show adequate notice where the attorney had verified a response to interrogatories thus disclosing the attorney's expert knowledge and intent to testify. Likewise, a witness signing an affidavit verifying a sworn account did not constitute notice of the witness's knowledge and did not constitute good cause. In the same vein, we found in *Markantonis v. Tropoli,* 730 S.W. 2d 91, 94 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.), that the disclosure in response to interrogatories of a law firm's name, which contained both attorneys' personal names, did not constitute adequate disclosure to allow the attorney to testify as to legal fees.

Appellants' failure to supplement timely their answers to interrogatories or to disclose adequately their expert trial witnesses before the day of trial supports the trial court's sanctions. We find no abuse of discretion by the trial court.

We affirm the judgment.