HARNISCHFEGER CORPORATION, et al., Relator,

v.

The Honorable Kathleen S. STONE, Judge, Respondent.

No. C14–91–0456–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 15, 1991.

Kyle M. Rowley and Kyle B. Johnson, Houston.

Stephen L. Swanson, William F. Hagans, Sylvette C. Bobb, Scott R. West, and William G. Nedd, Houston.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Relator, Harnischfeger Corporation, petitions this court for writ of mandamus to order respondent, the Honorable Kathleen S. Stone, to vacate her order denying discovery of expert witness testimony. Respondent refused to allow relator to depose expert witnesses designated as consulting only by the real parties in interest. We conditionally grant the mandamus.

On July 14, 1986, Mary Jane Goins [hereinafter "the plaintiff"], as administratrix of the estate of James E. Goins, brought suit against McCarthy Brothers Company [hereinafter McCarthy] for the wrongful death of the decedent who was employed for McCarthy when he was killed in a crane accident. In November 1986, the plaintiff amended her petition to include Sheila Spivey as next friend of James E. Goins, Jr. and added relator as a defendant. In a different suit (# 86–48709), Jacqueline Goins, the decedent's surviving wife, and four minor children brought a wrongful death suit against McCarthy and relator. In February 1987, McCarthy listed Gary Markham of R.E. Rimkus & Associates [hereinafter Rimkus] as a consulting expert in this cause. A year later, in the companion suit, # 86–48709, McCarthy listed R.E. Rimkus & Associates and Jerry W. Davis of Rimkus as testifying experts. McCarthy settled with both sets of plaintiffs in 1988. Thereafter, the plaintiffs employed R.E. Rimkus & Associates and asserted a consulting only privilege for the "Rimkus group." After the plaintiffs refused to allow relator to depose the Rimkus consultants on any issue other than the facts known to them or the chain of custody of the evidence, relator filed a motion to compel discovery requesting the respondent to order "full discovery, including but not limited to deposition testimony of Gary Markham, Jerry Davis and R.E. Rimkus & Associates...." The respondent denied the order and this mandamus followed.

■ A mandamus will not issue unless a clear abuse of discretion is shown. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex. 1984). Appellate courts will not intervene through mandamus when there is an adequate remedy by appeal. *State Bar v. Heard*, 603 S.W.2d 829, 833–34 (Tex.1980). Here, if we determine that the respondent abused her discretion, mandamus is the appropriate remedy because the order prevents ·the evidence, in the form of deposition testimony, from appearing in an appellate record. *Scott v. McIlhany*, 798 S.W.2d

556, 558 (Tex.1990); *Jampole,* 673 S.W.2d at 576.

The ultimate issue to be determined here is whether the discovery rules permit an expert, designated by one party as a testifying expert, to be hired and redesignated by another party as a consulting expert. In a similar fact situation, the supreme court stated that redesignation of experts "was an offensive and unacceptable use of discovery mechanisms intended to defeat the salutary objectives of discovery." *Scott,* 798 S.W.2d at 560. In *Scott,* experts originally designated as testifying experts by the plaintiffs were redesignated as consulting only experts by the defendants after a settlement made expressly contingent on the experts not being required to give their testimony. Disapproving of this conduct, the supreme court held that "the redesignation of experts under the facts of this case violates the policy underlying the rules of discovery and is therefore ineffective." *Id.* Here, there is nothing in the record indicating any contingency or agreement between the real parties in interest and McCarthy to obtain the use of the Rimkus consultants. Nevertheless, we find that the situation presented under these facts is also violative of the policy behind the Texas discovery rules.

■ The ultimate purpose of discovery is to seek the truth, thus allowing disputes to be decided by what the facts reveal and not by what facts are concealed. *Jampole,* 673 S.W.2d at 573. Accordingly, the rules permit discovery into any matter, not privileged, that is relevant to the subject matter and is "reasonably calculated to lead to the discovery of admissible evidence." TEX. R.CIV.P. 166b(2)(a); *Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 553 (Tex.1990). The scope of discovery "is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information." *Id.* Litigants are entitled to obtain the fullest knowledge of facts and issues prior to trial. *Gutierrez v. Dallas Independent School District,* 729 S.W.2d 691, 693 (Tex. 1987). We find that the respondent's order denied relator the opportunity to pursue the facts and issues in the underlying case to the extent afforded by the discovery rules.

■ Here, McCarthy designated Jerry W. Davis of Rimkus as a testifying expert in the companion case. Relator and McCarthy were the defendants in both suits involving the fatal crane accident. Once Davis was designated as a testifying expert by McCarthy, relator was entitled to take his deposition. TEX.R.CIV.P. 166b(2)(e)(1). We hold that the fact that Davis was designated a testifying expert by McCarthy in the companion case does not bar relator's access to him because the lawsuits center around the same accident and entail identical allegations of negligence and the expert possesses information "relevant to the subject matter in the pending action...." *Id.* Similarly, because Rimkus, as an entity, was listed in the companion suit as part of McCarthy's designation of expert witnesses, relator is entitled to full discovery of all information in Rimkus' possession that is relevant to the crane accident, including that possessed by Gary Markham.

■ During oral submission, counsel for the real parties in interest stated that the central issue to this mandamus was moot because Jerry W. Davis was designated as a testifying expert by the plaintiffs after leave to file petition for writ of mandamus was granted. We agree with the real parties in interest that the issue *appears* to be moot; however, there is still an order on file prohibiting discovery. Therefore, we feel an opinion by this court authorizing full discovery of Davis is necessary. Consequently, we hold that relator is entitled to depose Davis concerning the subject matter on which Davis will testify, his mental impressions and opinions, and all facts known to him "regardless of when the factual information was acquired...." *Id.* This would necessarily include information acquired by Davis when he was retained by McCarthy before the settlement with the plaintiffs. *Scott,* 798 S.W.2d at 560.

We also note that Jacqueline Goins individually and as next friend of the decedent's four children intervened in this

■■■■■■■■■■■■■■■■■■

cause of action and designated Richard Bernicker of Rimkus as a testifying expert. Relator is likewise entitled to depose Bernicker. TEX.R.CIV.P. 166b(2)(e)(1).

Accordingly, we conditionally grant the petition for writ of mandamus and direct respondent to vacate her order of April 4, 1991 denying relator's motion to compel discovery. We presume respondent will comply with the terms of this judgment. Mandamus will issue only should she fail to do so.