**Betty Ann HARDESTY, et al., Relator(s),**

v.

**Honorable Kenneth A. DOUGLAS, Judge, 13th District Court of Navarro County, Texas, Respondent(s).**

No. 10–95–025–CV.

Court of Appeals of Texas, Waco.

March 8, 1995.

---

John David Hart & Mollee Bennett Westfall, Law Offices of John David Hart, Fort Worth, Jeffrey A. Glendening, Barkley, Rodolf & McCarthy, Tulsa, OK, for relators.

Cornel Walker, Stradley & Wright, Dallas, Ronald D. Wren, Bedford, for real parties in interest.

Kenneth A. Douglas, Corsicana, for respondent.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION DENYING MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

VANCE, Justice.

In this mandamus proceeding the Relators are Betty Ann and Jack Hardesty and their attorneys of record in a case pending in the 13th District Court of Navarro County. Respondent is the Honorable Kenneth A. Douglas, Judge of that court. The Hardestys sued the real parties in interest, Medical Arts Clinic Association of Corsicana (Medical Arts) and Dr. Johann Rothwangl ("the defendants"), for medical negligence. Dr. Rothwangl filed a motion for summary judgment supported by his own affidavit to demonstrate that he had met the appropriate standard of care in treating Betty Ann. The Hardestys filed a response to the motion, using the affidavit of Dr. Robert Capehart to controvert Dr. Rothwangl's assertions. Medical Arts, adopting Dr. Rothwangl's affidavit, also moved for summary judgment on the ground that its liability is contingent on Dr. Rothwangl's liability. The court granted both motions, but we reversed the summary judgments and remanded the case for trial. *Hardesty v. Rothwangl, et al.*, No. 10–93–169–CV (Tex.App.—Waco 1994, no writ) (not designated for publication).

After we remanded, the defendants wanted to depose Dr. Capehart. The Hardestys responded by designating him as a consulting expert under Texas Rule of Civil Procedure 166b.3.b. and refused to produce him for the deposition. The defendants filed a motion to compel the deposition and to levy sanctions for discovery abuse. The court ordered the Hardestys to produce Dr. Capehart for a deposition and awarded the defendants $4,000 in travel expenses and attorney's fees, to be paid by the Hardestys and their attorneys within thirty days.

Relators seek to file a petition for a writ of mandamus requiring Respondent to vacate the order, asserting that Dr. Capehart's testimony is exempted from disclosure because he has been designated as a consulting-only

expert. *See* Tex.R.Civ.P. 166b.3.b. We will deny leave to file the application because, accepting their version of the facts as true, the Hardestys and their attorneys cannot demonstrate why a writ of mandamus should issue.

■■■ The identity and location of expert witnesses, the subject matter of their expertise, and the facts known to them are only discoverable if they are expected to testify or if their opinions or impressions have been reviewed by an expert who will testify. *Id.* 166b.2.e.(1). Rule 166b.3.b. further provides:

> **3. Exemptions.** The following matters are protected from disclosure by privilege:

> .     .     .     .     .

> b. Experts. The identity, mental impressions and opinions of an expert who has been informally consulted or of an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial or any documents or tangible things containing such information *if the expert will not be called as an expert witness,* except that the identity, mental impressions and opinions of an expert who will not be called to testify as an expert and any documents or tangible things containing such impressions and opinions are discoverable if the consulting expert's opinion or impressions have been reviewed by a testifying expert.

*Id.* 166b.3.b. (emphasis added). Thus, consulting-only expert witnesses enjoy special protection under the discovery rules.

■■■ The designation of an expert as a consulting-only expert may be ineffective. *Tom L. Scott, Inc. v. McIlhany,* 798 S.W.2d 556, 560 (Tex.1990) (orig. proceeding). In *Scott,* the Supreme Court held that such a designation would not preclude the remaining defendants from deposing experts who had been designated as testifying experts and who were then redesignated as consultants after the plaintiffs settled with other defendants who took an "assignment" of the experts' testimony as part of their settle-

ment. The Court found that the redesignation was, under the facts, "an offensive and unacceptable use of discovery mechanisms intended to defeat the salutary objectives of discovery." *Id.* Thus, the Court held that, as a matter of law, the redesignation of the experts violated the policy underlying the rules of discovery and was therefore ineffective. *Id.* "[T]he protection afforded by the consulting expert privilege is intended to be only 'a shield to prevent a litigant from taking undue advantage of his adversary's industry and effort, not a sword to be used to thwart justice or to defeat the salutary objects' of discovery." *Id.* at 559.

In *Harnischfeger Corp. v. Stone,* the Fourteenth Court of Appeals determined that a plaintiff who settled with one of two defendants could not hire and redesignate as a consultant the settling defendant's expert who had been previously designated as a testifying expert. *Harnischfeger Corp. v. Stone,* 814 S.W.2d 263, 265 (Tex.App.—Houston [14th Dist.] 1991, orig. proceeding) (once witness was designated as a testifying expert by settling defendant, other defendant was entitled to take his deposition). The court relied on *Scott* to find a violation of the policy underlying the discovery rules. *Id.* (citing *Scott,* 798 S.W.2d at 560).

The Hardestys used Dr. Capehart's summary-judgment testimony to defeat the motions for summary judgment.[1] The summary judgment rule requires the presentation of facts through affidavits rather than oral testimony. Tex.R.Civ.P. 166a(c) ("No oral testimony shall be received at the hearing.") "A summary judgment may be based on uncontroverted *testimonial* evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion *testimony* of experts, . . . ." *Id.* (emphasis added). The rule further requires that affidavits be made on personal knowledge, set forth facts that would be admissible in evidence at trial, and "show affirmatively that the affiant is competent to *testify* to the matters stated therein." *Id.* at 166a(f) (em-

---

1. The Hardestys' brief filed in this court in the prior proceeding asserts: "Dr. Capehart's statement ... is competent summary judgment evidence. This *testimony* would be admissible at trial." (Emphasis added).

phasis added). Thus, in this context, the Hardestys' filing of Dr. Capehart's affidavit with their response to the summary judgment motion was the equivalent of calling him to testify.

We believe that the facts of this case present a stronger case for requiring the expert's deposition than the facts of either *Scott* or *Stone.* The Hardestys have done more than designate Dr. Capehart as a testifying expert—they have actually presented his testimony in an integral part of the proceeding. Having used Dr. Capehart's affidavit as a sword by presenting his testimony in opposition to the summary judgment, Relators cannot now use the consultant-only exemption as a shield to prevent the defendants from discovering his opinions. We find such conduct to be "an offensive and unacceptable use of discovery mechanisms intended to defeat the salutary objects of discovery." *See Scott,* 798 S.W.2d at 560.

Believing that Respondent did not abuse his discretion in ordering that Dr. Capehart be produced for the defendants to take his deposition or in awarding the defendants expenses as a sanction for discovery abuse, we deny Relators' motion for leave to file their application for writ of mandamus.

CUMMINGS, Justice, dissenting.

I dissent because I do not believe that a medical expert's controverting affidavit in a motion for summary judgment automatically designates that medical expert as a testifying expert for the trial on the merits, thereby subjecting him to being deposed pursuant to the discovery rules. *See* Tex.R.Civ.P. 166b(2)(e)(1).

I agree with the authorities cited by the majority, *Scott, Inc. v. McIlhany* and *Harnischfeger Corp. v. Stone,* however, neither of those cases involve summary judgments.[1] Summary judgments are controlled by Rule 166a, which provides a comprehensive scheme applicable to summary judgments before trial on the merits is held. *Gandara v. Novasad,* 752 S.W.2d 740, 742 (Tex.App.— Corpus Christi 1988, no writ). In *Gandara,* a medical malpractice case such as the one before us now, the plaintiff filed three controverting affidavits to a motion for summary judgment using experts who had not been previously disclosed in interrogatories requesting disclosure of experts. *Id.* The defendant argued that the failure to supplement interrogatory information would preclude the use of the three experts at trial and, accordingly, should preclude their use for summary judgment proof. The court allowed the affidavits to be considered for summary judgment after explaining the differences in the rules and purposes for summary judgment and discovery. *Id. See also Stoll v. Rothchild,* 763 S.W.2d 437, 438 (Tex. App.—Houston [14th Dist.] 1988, writ denied).

*Stoll* presents a factual situation opposite to the one before us now. In *Stoll,* the plaintiffs, believing they had effectively designated their medical experts as testifying experts by using their affidavits to controvert a summary judgment action by the defendants, failed to designate their testifying experts until the day of trial. *Id.* The court struck the plaintiffs' witnesses, holding that the "[plaintiffs] affidavits merely demonstrate an intent to controvert the motion for summary judgment and not to offer the affiant as a testifying expert." *Id.* at 441; *see also Huddleston v. Maurry,* 841 S.W.2d 24, 28 (Tex.App.—Dallas 1992, writ dism'd w.o.j.) (holding that "Use of an expert's affidavit in a summary judgment context does not constitute expert designation in discovery.")

The ruling in *Gandara* is most recently cited in *State v. Roberts,* 882 S.W.2d 512, 513 (Tex.App.—Austin 1994, no writ). In *Roberts,* the plaintiffs filed a motion for summary judgement using affidavits from experts

---

1. I do not agree, however, with the majority's footnote 1 where it is implied that the appellant's brief on summary judgment stated in effect that "this [Dr. Capehart's] *testimony* would be admissible at trial." The point at issue where the quote was extracted from appellant's brief is concerned with whether an expert may testify to a mixed question of law and fact. Appellant argued in the brief that an expert could so testify and that said testimony was competent summary judgment evidence. The brief cited *Birchfield v. Texarkana Memorial Hospital,* 747 S.W.2d 361 (Tex.1987) as authority for that proposition. In my opinion, the quote from appellant's brief is taken out of context and is not relevant to the issue before us.

which it had not designated as testifying experts in response to interrogatories. *Id.* The trial court struck the affidavits because of the plaintiffs' failure to designate the affiants as experts in response to previously filed interrogatories. *Id.* The appellate court, again distinguishing the rules and purposes of summary judgment proceedings from discovery, held: "Discovery rules and sanctions for failure to designate expert witnesses do not apply to summary judgment proceedings. Rather, summary judgment proceedings are controlled by the comprehensive scheme provided in rule 166a." *Id.* at 514.

Accordingly, I believe the reliance by the majority on the *Scott* and *Stone* decisions is misplaced. In my opinion, the decision in *Gandara* and the variations of that ruling in *Roberts, Huddleston* and *Stoll,* convince me that the rules for summary judgment and those for discovery are different. I believe that the trial court erred by ordering the Relators to produce Dr. Capehart for deposition and in sanctioning Relators' attorneys. Logically, it seems to me that a plaintiff might use an expert for summary judgment affidavit purposes and designate that expert as a consultant only, because the same evidence could be evinced from a testifying expert who is knowledgeable not only on the issue raised in the summary judgment but on other issues involved in the trial on the merits. To require experts giving an affidavit on summary judgment matters to automatically be designated as testifying experts would likely result in duplication of testifying expert witnesses and increased trial expenses in these type cases. I would follow the rule in *Gandara* and would grant leave to file in this case.[2]

---

**2.** This result intuitively seems correct because affidavits used in summary judgment proceedings serve different purposes than trial testimony. David W. Holman and Byron C. Keeling,

*Disclosure of Witnesses in Texas: The Evolution and Application of Rules 166b(6) and 215(5) of the Texas Rules of Civil Procedure,* 42 BAYLOR L.REV. 436 (1990).