In re Heritage Oaks REtirement Village 















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-138-CV

IN RE HERITAGE OAKS RETIREMENT VILLAGE

 

 Original Proceeding
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Heritage Oaks Retirement Village seeks to protect from discovery the opinions of Dr. William
Tompkins. Dr. Tompkins has given a report regarding a third-party defendant which Heritage
Oaks, as a third-party plaintiff, used to meet the requirements of article 4590i, regarding duty and
causation in a medical malpractice case, by providing it to that third-party defendant. Tex. Rev.
Civ. Stat. Ann. art. 4590i Â§ 13.01(d) (Vernon Supp. 2003). Heritage Oaks has now dismissed
their claims against the third-party defendant and has designated Dr. Tompkins as a consulting
expert.
Â Â Â Â Â Â The real-parties-in-interest, plaintiffs, seek to depose Dr. Tompkins. They are now directly
asserting claims against the third-party defendant who was dismissed by Heritage Oaks and who
was the subject of Dr. Tompkinâs 4590i report.
Â Â Â Â Â Â In Hardesty, the Relator had used the affidavit of an expert in opposition to a motion for
summary judgment. Hardesty v. Douglas, 894 S.W.2d 548 (Tex. App.âWaco 1995, orig.
proceeding). Subsequently the Relator sought to use the consulting expert exemption from
discovery to prevent the discovery of the expertâs opinions. A majority of this Court held that the
expertâs opinions were not exempt from discovery. Hardesty, 894 S.W.2d at 551.
Â Â Â Â Â Â We do not believe the situation presented in this mandamus is materially different than that
presented in Hardesty. Accordingly, the Petition for Writ of Mandamus is denied.
Â Â Â Â Â Â The stay imposed by a prior order of this court is lifted.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Writ Denied
Stay Lifted
Opinion delivered and filed May 28, 2003
[OT06]



mes";mso-no-proof:yes'> v.

Â 

The State of Texas,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â 

Â 

Â 



From the 18th District Court

Johnson County, Texas

Trial Court # F37020

Â 



MEMORANDUMÂ 
Opinion



Â 








Â Â Â Â Â Â Â Â Â  Delman
Wesley Ball was convicted by a jury of felony evading arrest with a motor
vehicle.Â  Tex. Pen. Code Ann. Â§ 38.04 (Vernon 2003).Â  The trial court set punishment at twenty
monthsÂ confinement.Â  Ball argues on
appeal that photographs and a videotape offered by the State lacked a proper predicate
and should not have been admitted into evidence.Â  We will affirm the judgment.

BACKGROUND

Â Â Â Â Â Â Â Â Â  The
arresting officer testified that he was on patrol in a marked police car when
he observed a blue Oldsmobile fail to properly signal a turn.Â  Deciding to effectuate a traffic stop, the
officer flipped the switch that activated the police carÂs overhead lights,
Âwig-wagÂ front headlights, and the on-board video camera.Â  After the driver failed to stop after turning
onto the next street, the officer gave two short bursts with his siren and used
his side spotlight to signal the driver.Â 
The driver continued down the street and turned onto another
street.Â  The officer activated his
siren.Â  The driver accelerated, ran a
stop sign, and turned twice more before stopping.Â  The officer then arrested Ball, the driver of
the vehicle.

Â Â Â Â Â Â Â Â Â  Ball
argues that the trial court erred in admitting two photographs of Cleburne
Police Department marked patrol units because a proper predicate had not been
established.Â  We review a trial court's
ruling on authentication issues under an abuse of discretion standard.Â  Angleton
v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).Â  Texas Rule of Evidence 901 governs the
authentication requirement for the admissibility of evidence.Â  Reavis
v. State, 84 S.W.3d 716, 719 (Tex. App.ÂFort Worth 2002, no pet.).Â  Rule 901 provides that authentication or identification of items
offered into evidence "is satisfied by evidence sufficient to support a
finding that the matter in question is what its proponent claims."Â  Tex.
R. Evid. 901(a).

Â Â Â Â Â Â Â Â Â  Ball
specifically complains that the photographs did not depict the actual patrol
car used on the date of the offense.Â  However,
the record reflects that the State was claiming only that the vehicles in the
photographs were similar to the patrol unit driven by the officer on the date
of the offense.Â  The officer testified
that the vehicles in the photographs were similar to the vehicle he was driving
on the date of the offense and testified that all Cleburne Police Department
sedan patrol units were similar to one another.Â 
The officerÂs testimony provided sufficient evidence to support a
finding that the photographs were what the State claimed they were.Â  Thus the trial court did not abuse its
discretion in finding that the photographs were properly authenticated.

Â Â Â Â Â Â Â Â Â  Ball
argues that the trial court erred in admitting a videotape of the offense
because the tape was not properly authenticated.Â  Videotapes are considered in the same manner
as photographs.Â  Reavis, 84 S.W.3d at 719; Williams
v. State, 82 S.W.3d 557, 563 (Tex. App.ÂSan Antonio 2002, pet. refÂd).Â  Thus the requirements for authentication can
be met by the testimony of a witness with knowledge that sufficiently establishes
that a matter is what it is claimed to be.Â 
Ballard v. State, 23 S.W.3d
178, 182 (Tex. App.ÂWaco 2000, no pet.). 

Â Â Â Â Â Â Â Â Â  Ball
specifically complains that the State did not establish that the videotape was
the actual recording made on the date of the offense.Â  However, the officer testified that he had
reviewed the videotape and that the tape was a true and accurate copy of the
recording he had made at the time of the offense.Â  Thus the requirements for authentication were
met and the trial court did not abuse its discretion in admitting the
videotape.

CONCLUSION

Â Â Â Â Â Â Â Â Â  Finding
no abuse of discretion in admitting either the photographs or the videotape, we
overrule the issues and affirm the judgment.

Â 

BILL VANCE

Justice

Â 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed March 30, 2005

Do not publish

[CR25]