IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00137-CV

 

In re
William R. Vance, Jr., Individually and as Independent Executor of the Estate
of Florence K. Grace, Deceased

 

 



Original Proceeding

 



ORDER OF RECUSAL










 

            I hereby recuse myself from further
participation in this case.  Tex. Code
Jud. Conduct, Cannons 1, 2, and 3, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. B (Vernon 2005);
Tex. R. App. P. 16.2; and Tex. R. Civ. P. 18b(2)(a).

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

                                                                        Date:
       April 12, 2010           

 






;                                                              Respondent
 

 Original Proceeding
                                                                                                    

OPINION DENYING MOTION FOR LEAVE TO FILE
APPLICATION FOR WRIT OF MANDAMUS
                                                                                                    

      In this mandamus proceeding the Relators are Betty Ann and Jack Hardesty and their attorneys
of record in a case pending in the 13th District Court of Navarro County. Respondent is the
Honorable Kenneth A. Douglas, Judge of that court. The Hardestys sued the real parties in
interest, Medical Arts Clinic Association of Corsicana (Medical Arts) and Dr. Johann Rothwangl
("the defendants"), for medical negligence. Dr. Rothwangl filed a motion for summary judgment
supported by his own affidavit to demonstrate that he had met the appropriate standard of care in
treating Betty Ann. The Hardestys filed a response to the motion, using the affidavit of Dr.
Robert Capehart to controvert Dr. Rothwangl's assertions. Medical Arts, adopting Dr.
Rothwangl's affidavit, also moved for summary judgment on the ground that its liability is
contingent on Dr. Rothwangl's liability. The court granted both motions, but we reversed the
summary judgments and remanded the case for trial. Hardesty v. Rothwangl, et al, No. 10-93-169-CV (Tex. App.—Waco 1994, no writ) (not designated for publication).
      After we remanded, the defendants wanted to depose Dr. Capehart. The Hardestys responded
by designating him as a consulting expert under Texas Rule of Civil Procedure 166b.3.b. and
refused to produce him for the deposition. The defendants filed a motion to compel the deposition
and to levy sanctions for discovery abuse. The court ordered the Hardestys to produce Dr.
Capehart for a deposition and awarded the defendants $4,000 in travel expenses and attorney's
fees, to be paid by the Hardestys and their attorneys within thirty days.
      Relators seek to file a petition for a writ of mandamus requiring Respondent to vacate the
order, asserting that Dr. Capehart's testimony is exempted from disclosure because he has been
designated as a consulting-only expert. See Tex. R. Civ. P. 166b.3.b. We will deny leave to file
the application because, accepting their version of the facts as true, the Hardestys and their
attorneys cannot demonstrate why a writ of mandamus should issue.
       The identity and location of expert witnesses, the subject matter of their expertise, and the
facts known to them are only discoverable if they are expected to testify or if their opinions or
impressions have been reviewed by an expert who will testify. Id. 166b.2.e.(1). Rule 166b.3.b.
further provides:
3. Exemptions. The following matters are protected from disclosure by privilege:
. . .
b. Experts. The identity, mental impressions and opinions of an expert who has been
informally consulted or of an expert who has been retained or specially employed by another
party in anticipation of litigation or preparation for trial or any documents or tangible things
containing such information if the expert will not be called as an expert witness, except that
the identity, mental impressions and opinions of an expert who will not be called to testify as
an expert and any documents or tangible things containing such impressions and opinions are
discoverable if the consulting expert's opinion or impressions have been reviewed by a
testifying expert.
Id. 166b.3.b. (emphasis added). Thus, consulting-only expert witnesses enjoy special protection
under the discovery rules. 
      The designation of an expert as a consulting-only expert may be ineffective. Tom L. Scott,
Inc. v. McIlhaney, 798 S.W.2d 556, 560 (Tex. 1990) (orig. proceeding). In Scott, the Supreme
Court held that such a designation would not preclude the remaining defendants from deposing
experts who had been designated as testifying experts and who were then redesignated as
consultants after the plaintiffs settled with other defendants who took an "assignment" of the
experts' testimony as part of their settlement. The Court found that the redesignation was, under
the facts, "an offensive and unacceptable use of discovery mechanisms intended to defeat the
salutary objectives of discovery." Id. Thus, the Court held that, as a matter of law, the
redesignation of the experts violated the policy underlying the rules of discovery and was therefore
ineffective. Id. "[T]he protection afforded by the consulting expert privilege is intended to be
only `a shield to prevent a litigant from taking undue advantage of his adversary's industry and
effort, not a sword to be used to thwart justice or to defeat the salutary objects' of discovery." 
Id. at 559.
      In Harnischfeger Corp. v. Stone, the Fourteenth Court of Appeals determined that a plaintiff
who settled with one of two defendants could not hire and redesignate as a consultant the settling
defendant's expert who had been previously designated as a testifying expert. Harnischfeger
Corp. v. Stone, 814 S.W.2d 263, 265 (Tex. App.—Houston [14th Dist.] 1991, orig. proceeding)
(once witness was designated as a testifying expert by settling defendant, other defendant was
entitled to take his deposition). The court relied on Scott to find a violation of the policy
underlying the discovery rules. Id. (citing Scott, 798 S.W.2d at 560).
      The Hardestys used Dr. Capehart's summary-judgment testimony to defeat the motions for
summary judgment.


 The summary judgment rule requires the presentation of facts through
affidavits rather than oral testimony. Tex. R. Civ. P. 166a(c) ("No oral testimony shall be
received at the hearing.") "A summary judgment may be based on uncontroverted testimonial
evidence of an interested witness, or of an expert witness as to subject matter concerning which
the trier of fact must be guided solely by the opinion testimony of experts, . . . ." Id. (emphasis
added). The rule further requires that affidavits be made on personal knowledge, set forth facts
that would be admissible in evidence at trial, and "show affirmatively that the affiant is competent
to testify to the matters stated therein." Id. at 166a(f) (emphasis added). Thus, in this context,
the Hardestys' filing of Dr. Capehart's affidavit with their response to the summary judgment
motion was the equivalent of calling him to testify.
      We believe that the facts of this case present a stronger case for requiring the expert's
deposition than the facts of either Scott or Stone. The Hardestys have done more than designate
Dr. Capehart as a testifying expert—they have actually presented his testimony in an integral part
of the proceeding. Having used Dr. Capehart's affidavit as a sword by presenting his testimony
in opposition to the summary judgment, Relators cannot now use the consultant-only exemption
as a shield to prevent the defendants from discovering his opinions. We find such conduct to be
"an offensive and unacceptable use of discovery mechanisms intended to defeat the salutary objects
of discovery." See Scott, 798 S.W.2d at 560.
      Believing that Respondent did not abuse his discretion in ordering that Dr. Capehart be
produced for the defendants to take his deposition or in awarding the defendants expenses as a
sanction for discovery abuse, we deny Relators' motion for leave to file their application for writ
of mandamus.


                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
      (Justice Cummings dissenting)
Motion for leave to file application 
      for writ of mandamus denied
Opinion delivered and filed March 8, 1995
Publish