Regina A. EVANS, Individually and as Representative of the Estate of Verna Rae Evans, Plaintiff–Decedent, Plaintiff–Appellant,

v.

CITY OF MARLIN, TEXAS, John Trousdale, Chief of Police of Marlin, Texas, Randy Trice, and Pete Otholt, Defendants–Appellees.

No. 92–8424
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 16, 1993.

Rehearing Denied April 13, 1993.

James C. Plummer, Plummer & Associates, Houston, TX, for plaintiff-appellant.

Beverly Willis Bracken, Frederick D. Bostwick, III, David C. Tekell, Naman, Howell, Smith & Lee, Waco, TX, for City of Marlin, et al.

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Verna Rae Evans was found dead in the Marlin, Texas city jail, a garden hose draped over the cell bars and around her neck. Her daughter, Regina A. Evans, individually and as the representative of the Decedent's estate, sued the Police Chief and two officers asserting claims under 42 U.S.C. § 1983 and Texas law. The thrust of the complaint alleged that Marlin's Police Department failed to use due care in Decedent's confinement. The district court granted the Appellees' motion for summary judgment. We find that the district court properly dismissed the federal claims because no constitutional violations are present. The summary judgment on the state law claims, however, must be reversed and remanded, as there are issues of material fact.

### Background and Procedural History

Decedent was arrested for public intoxication, taken to the Marlin City Jail, and placed in a cell alone. Approximately two hours and fifteen minutes later, an officer discovered Evans hanging from the cell's bars, suspended by a garden hose normally used to wash down the jail floors. An autopsy confirmed that the cause of death was asphyxia by hanging, and concluded that she committed suicide.[1]

Suit was brought pursuant to 42 U.S.C. § 1983 (1981), Texas Wrongful Death[2] and Survivorship Statutes,[3] and the Texas Tort Claims Act.[4] The district court held that no violations of Decedent's constitutionally secured rights occurred. Additionally, the court held that the Defendants–Appellees met their burden of proof in establishing suicide as an affirmative defense to the

---

1. In her brief on appeal, Appellant concedes that no city personnel actively participated in Evans' death. Furthermore, although a Fourth Amendment excessive force claim and an Eighth Amendment violation were pleaded, these claims have been abandoned on appeal; the issues were not raised or briefed by Appellant. *See* Fed.R.App.P. 28(a)(4); *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988); *In re Texas Mortgage Servs. Corp.*, 761 F.2d 1068, 1073–74 (5th Cir.1985).

2. Tex.Civ.Prac. & Rem.Code Ann. §§ 71.001– .011 (West 1986).

3. *Id.* at § 71.021.

4. *Id.* at §§ 101.001–.109. This section abrogates governmental immunity in certain instances:

   A governmental unit in the state is liable for:

   \* \* \* \* \* \*

   (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

   *Id.* at § 101.021.

Texas state law claims.[5] Summary judgment was entered against Regina A. Evans, and she now appeals.

### Standard of Review

■ Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548 (5th Cir. 1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To that end we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir.1969) (en banc).

### § 1983 Claims

■ The elements of a § 1983 cause of action are: (1) a deprivation of rights secured by the constitution, (2) by a person acting under color of state law. *Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984). A § 1983 claim may lie when a

prisoner's *obviously* serious medical needs are met with "deliberate indifference" by officials. *See Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Burns v. City of Galveston*, 905 F.2d 100, 103 (5th Cir.1990). Likewise, "The failure to provide pre-trial detainees with adequate protection from their *known* suicidal impulses is actionable under § 1983...." *Rhyne v. Henderson County*, 973 F.2d 386, 391 (5th Cir.1992) (emphasis supplied).

Appellant contends that the city acted with deliberate indifference towards the Decedent's right to protection from her own suicidal tendencies. This indifference was allegedly illustrated by the failure to provide adequate training to police officers in dealing with suicidal prisoners, and failure to adopt policies to prevent detainees from taking their own lives.

■ Failure to train police personnel can support § 1983 liability "only where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989). We recently addressed the issue of training to detect suicidal detainees in *Burns v. City of Galveston*, 905 F.2d 100 (5th Cir.1990). A municipality should be required to provide its police officers with minimal training to detect *"obvious* medical needs of detainees with *known, demonstrable,* and serious mental disorders." *Id.* at 104 (emphasis supplied). Police personnel are not required to "unerringly detect suicidal tendencies;" such an exacting standard "requires the skills of an experienced medical professional with psychiatric training...." *Id.* Recognizing these practical realities, the *Burns* court held that detainees have no absolute right to a com-

---

**5.** Tex.Civ.Prac. & Rem.Code Ann. § 93.001 (West Supp.1992), provides:

    (a) It is an affirmative defense to a civil action for damages for personal injury or death that the plaintiff, at the time the cause of action arose, was:

          \*    \*    \*    \*    \*    \*

    (2) committing or attempting to commit suicide, and the plaintiff's conduct in com-

mitting or attempting to commit suicide was the sole cause of the damages sustained; provided, however, if the suicide was caused in whole or in part by a failure on the part of any defendant to comply with an applicable legal standard, then such suicide or attempted suicide shall not be a defense.

plete psychological examination. *Id.* Absent such a right, the failure to train custodial officials in screening procedures to detect *latent* suicidal tendencies does not rise to the level of a constitutional violation. *Id.; cf. Partridge v. Two Unknown Police Officers*, 791 F.2d 1182, 1184 (5th Cir.1986) (§ 1983 liability may exist where suicidal tendencies *obvious* to arresting officers).

█ Here there was no indication that Verna Rae Evans would take her own life. The officers' affidavits showed that the Decedent did not exhibit any apparent suicidal behavior on the night of her death, and that she had been in the Marlin City Jail on prior occasions and had never exhibited such an inclination. R. at 153 (affidavit of Peter Otholt); R. at 175 (affidavit of Randy Trice). The Appellant did not controvert this evidence. In the absence of any manifest signs that the Decedent was a danger to herself, the city's failure to train police personnel to detect potential suicidal impulses does not give rise to a deprivation of constitutional rights. *Rhyne v. Henderson County*, 973 F.2d 386, 391 (5th Cir.1992); *Burns v. City of Galveston*, 905 F.2d 100, 104 (5th Cir.1990).

Plaintiff–Appellant also argues that the failure to adopt and implement adequate policies regarding care for potentially suicidal inmates amounts to deliberate indifference on the city's part, and that such indifference contributed to the deprivation of Decedent's rights.

█ To serve as a basis for § 1983 liability, the failure to promulgate municipal policy must amount to "an intentional choice, not merely an unintentionally negligent oversight." *Rhyne*, 973 F.2d at 392 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989)). A failure to adopt a

policy rises to the level of deliberate indifference "when it is obvious that the likely consequences of not adopting a policy will be a deprivation of civil rights." *Rhyne*, 973 F.2d at 392.

█ The Marlin Police Department has policies in place for the safe incarceration of inmates. *See* R. at 130–46. No controverting evidence was presented that these policies were implemented with deliberate indifference towards the plight of suicidal detainees. At most, these policies were not strictly followed on the night of Verna Rae Evans' death. Had they been she would not have had access to the hose.[6] The proximity of the hose to her cell may have been negligence, but the negligent acts of an official will not support liability under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); *see also Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986) ("[W]here a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required."). Consequently, it cannot be said that the city acted with deliberate indifference in this policy making endeavor: "Put another way, a reasonable juror could not find that [Marlin, Texas] adopted policies creating an obvious risk that pretrial detainees' constitutional rights would be violated." *Rhyne*, 973 F.2d at 392.[7]

### Texas Tort Claims Act

█ Appellant argues that summary judgment was improvidently entered on her pendant state law claims. A Texas municipality can be liable for personal injury or death caused by a condition or use of tangible personal or real property under its control. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (West 1986); *see also Hale v.*

---

6. The failure to follow procedural guidelines, standing alone, does not implicate constitutional liability. *Gagne v. City of Galveston*, 805 F.2d 558, 559–60 (5th Cir.1986), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987).

7. The district court also concluded that the individual defendants were entitled to qualified immunity. R. at 269. We do not reach this issue with respect to § 1983 liability because no con-

stitutional deprivation is present. Whether or not immunity is proper regarding the Texas state law claims is a question left for the trial court to address on remand. *See, e.g., Huddleston v. Maurry*, 841 S.W.2d 24, 28–29 (Tex.Ct. App.—Dallas 1992) (issue of fact whether officers acted in good faith when carrying out discretionary duties so as to qualify for common law immunity) (writ filed Nov. 20, 1992).

*Sheikholeslam*, 724 F.2d 1205, 1209 (5th Cir.1984) ("If nondefective property is alleged to have been used or misused by an officer acting within the scope of employment so as to cause the injury, a cause of action is stated.") (citing *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32 (Tex. 1983)).

■ In a civil action for wrongful death, a defendant can plead and prove suicide as an affirmative defense. This defense succeeds only if:

> the plaintiff's conduct was the *sole cause* of the damages sustained; provided, however, if the suicide was *caused in whole or in part* by a failure on the part of any defendant to comply with an applicable legal standard, then such suicide or attempted suicide shall not be a defense.

Tex.Civ.Prac. & Rem.Code Ann. § 93.001 (West Supp.1992) (emphasis added).

■ The district court held that there was no evidence to counter the autopsy's conclusion that Evans' death was a suicide. The Appellant, however, presented expert testimony that Appellees' negligence played a part in Verna Rae Evans' suicide. *See* R. at 247–49 (*e.g.*, failure to have "protrusion-free cells," and the accessibility of the hose). Furthermore, the Chief of Police testified that there is a duty to protect inmates, and it is a breach of this duty to allow inmates access to objects with which they could harm themselves. R. at 212.

This evidence creates a genuine issue of material fact, at least with respect to the applicability of § 93.001's affirmative defense of suicide. First, the defense is available only if the decedent's conduct was the *sole cause* of death. There has been evidence presented which raises the possibility that Appellees' negligence played a role in the suicide.[8] Additionally, if the suicide was even partially caused by the Appellees' breach of "an applicable legal standard," the affirmative defense of suicide is unavailable. Whether or not the conduct of the Appellees' amounts to a breach of the legal standard of due care is a question of fact. Because we must review the facts drawing all inferences in a light most favorable to the non-movant,[9] we cannot say that no genuine issue of fact remains.

### Conclusion

The Appellant does not state any claims of constitutional deprivation that would support liability under 42 U.S.C. § 1983. Summary judgment in favor of the Defendants–Appellees on this issue is AFFIRMED. The Appellant has presented sufficient evidence on her state law claims to create a valid issue of material fact. Summary judgment on the state law claims is REVERSED, and we REMAND these claims to the district court.[10]

---

8. The Appellees cite *Exxon Corp. v. Brecheen*, 526 S.W.2d 519 (Tex.1975), for the "'general rule'" that suicide is an "'intervening force which breaks the line of causation....'" *Id.* at 523 (quoting *Civil Liability for Death By Suicide*, 11 A.L.R.2d 751 (1950)). This case is not controlling on the causation issue for two reasons. First, this case predates Tex.Civ.Prac. & Rem. Code Ann. § 93.001 (West Supp.1992). The language of the statute indicates that suicide will not act as an affirmative defense if it was caused *in part* by a failure of the defendant to comply with an applicable legal standard. *Id.* This is a departure from the "general rule" that absolves a tortfeasor of liability when the injured party takes their own life. Second, *Exxon Corp. v. Brecheen* dealt with a negligent act which resulted in the uncontrollable impulse to commit suicide. Any negligence in the instant case is not alleged to have caused the suicidal tendencies; rather, the acts complained of may have facilitated the suicide.

9. *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986).

10. Appellant's pendent state law claims were properly before the district court via its exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367 (Supp.1992). On remand, the district court will not have the federal question "hook" on which it can hang the pendent state law claims. However, this is not fatal to the exercise of federal jurisdiction. The court is vested with discretion to decide whether or not supplemental jurisdiction continues to be appropriate.

*See id.* at § 1367(c); *Rhyne v. Henderson County,* 973 F.2d 386, 395 (5th Cir.1992).