Hector **GANDARA, Individually and as Next Friend of Valerie Gandara, Darlene Gandara and Melody Gandara, Appellant,**

v.

**Bryan NOVASAD, M.D., Appellee.**

No. 13–87–452–CV.

Court of Appeals of Texas, Corpus Christi.

June 23, 1988.

Ron Etzel, Pearland, for appellant.

John Roberson, Brian P. Johnson, Houston, for appellee.

Before DORSEY, SEERDEN and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant, Hector Gandara, filed a medical malpractice action against appellee, Dr. Bryan Novasad, following the death of his wife, Julie. The trial court granted a take-nothing summary judgment in favor of the appellee, of which appellant now complains in five points of error. We affirm.

On January 2, 1986, Julie Gandara arrived at the Memorial–El Campo Hospital where she was treated by the emergency room physician, Dr. Sarwall. The admitting diagnosis was urinary tract infection and possible compazine overdose.[1] Sarwall immediately contacted the appellee, who took an initial history and performed physical examination of the patient.

Over the next four days, appellee monitored and treated Mrs. Gandara in accordance with Sarwall's original diagnosis. On January 6, the patient began to exhibit symptoms of a neurological disorder which the appellee diagnosed as meningitis. Appellee consulted Dr. William Fleming, a neurology specialist, and Dr. Carl Vartian, an infectious disease specialist. At their suggestion, appellee initiated penicillin treatments and performed a CAT scan, which was negative.

Mrs. Gandara's condition improved until January 9, when she suffered seizures and demonstrated signs of severe neurological deficits. Appellee transferred the patient to Southeast Memorial Hospital, where William Fleming became her primary physician. Mrs. Gandara died of meningitis on January 13, 1986.

Appellant filed suit against appellee alleging that he failed to: 1) take a complete and accurate history of Julie Gan-

---

1. The patient had also visited the emergency room on the previous day, at which time she was given antibiotics for her urinary tract infection and compazine for nausea.

dara; 2) take proper tests to discover her medical condition; 3) timely diagnose the condition of meningitis; and 4) treat this condition in conformance with the standard of care in the medical community.

The summary judgment evidence before us consists of appellee's answers to interrogatories and the affidavits of appellant, appellee, William Fleming and Carl Vartian. Each affidavit for the defense details her care, treatment and evolving diagnosis and states that appellee's treatment of Mrs. Gandara was "in accordance with the proper standard of care" in the medical community.

Appellant contends in his first, second and third points of error that the affidavits of Carl Vartian, William Fleming and the appellee, respectively, are inadmissible and were therefore erroneously considered by the trial court at the summary judgment hearing because the witnesses were not designated in appellee's answers to interrogatories.

Question 16 of Plaintiff's Interrogatories reads and was responded to as follows:

16.  Please set forth the names of each person or persons that you expect to call as a witness to give any expert opinions in this cause; please set forth in full the nature of their opinions you expect to elicit at the time of trial. Not determined at this time.

Will supplement at a later date.

Appellee never supplemented his response. He did, however, submit the affidavits to appellant along with his motion for summary judgment.

Appellant argues that under Tex.R.Civ.P. 166b(6)b and 215(5), appellee's failure to supplement the answer by identifying his experts renders all three affidavits inadmissible as summary judgment evidence.

■ We note at the outset that in his response to defendant's motion for summary judgment, appellant directed the foregoing objection *only to the affidavits of Vartian and Fleming.* Since he made no corresponding objection to appellee's affidavit, appellant waived his right to complain of it on appeal. *City of Houston v.*

*Clear Creek Basin Authority,* 589 S.W.2d 671, 675 (Tex.1979); Tex.R.Civ.P. 166a(e). Point of error three complaining of appellee's affidavit is overruled.

The issue raised in points of error one and two is whether the duty to supplement answers to interrogatories imposed by Rule 166b(6)(b) applies to summary judgments.

Rule 166b(6)(b) provides:

If the party expects to call an expert witness when the identity or the subject matter of such expert witnesses's testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include the name, address and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify, as soon as is practical, but in no event less than *thirty (30) days prior to the beginning of trial* except on leave of court. (emphasis added).

Appellant argues that appellee's failure to supplement its answers and disclose Drs. Vartian and Fleming as experts renders their affidavits inadmissible to support the summary judgment.

Rule 166b sets forth procedures governing the form and scope of pre-trial discovery. The purpose is full and complete discovery to avoid gamesmanship and trial by ambush. *Garcia v. Peeples,* 734 S.W.2d 343, 347 (Tex.1987). Failure to supplement one's answers results in the witness not being allowed to testify, unless good cause for the failure to supplement and disclose is shown. *E.F. Hutton & Co., Inc. v. Youngblood,* 741 S.W.2d 363, 364 (Tex. 1987); *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297 (Tex.1986).

■ Summary judgments are controlled by Rule 166a, which provides a comprehensive scheme applicable to summary judgment before trial on the merits is held. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958). Subsection (c) of that rule provides that the motion for summary judgment and supporting affidavits be filed and served at least twenty-one days before

the hearing. This was complied with by appellee as the questioned affidavits were filed 124 days before the hearing. In view of the more particular provisions of Rule 166a relating to summary judgments only, it is not necessary that one supplement the answers to interrogatories in order for the affidavits of previously undisclosed witnesses to be used. We decline to apply the rule of *E.F. Hutton* and *Morrow* to summary judgment proceedings. Points of error one and two are overruled.

Points four and five state the trial court erred in granting the motion for summary judgment because questions of fact were raised by the evidence.

When reviewing the granting of a motion for summary judgment, we must consider the evidence in the light most favorable to the nonmovant and indulge every reasonable inference in his favor. *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 593 (Tex.1975). The movant has the burden to show there are no material issues of fact and that he is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). More specifically, in order for a defendant to be entitled to a summary judgment, he must disprove at least one essential element of the plaintiff's cause of action. *Luna v. Daniel International Corp.*, 683 S.W.2d 800, 802 (Tex. App.—Corpus Christi 1984, no writ).

Appellant first asserts that the affidavit of his medical expert, Dr. James Mason, "clearly contradicts" the opinions of Vartian, Fleming, and the appellee concerning the propriety of tests administered by appellee, the timeliness of his meningitis diagnosis, and the conformity of his treatment of Mrs. Gandara to the standard of care in the medical community.

■ Tex.R.Civ.P. 166a(c) provides that a summary judgment shall be rendered on evidence on file at the time of the hearing, "or filed thereafter and before judgment with permission of the court." Dr. Mason's affidavit was filed after judgment. Since this court may only consider that evidence which was before the trial court, we may not consider Dr. Mason's affidavit. *See Axcell v. Phillips*, 473 S.W.2d 554, 560

(Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.); *Jones v. Hubbard*, 302 S.W.2d 493, 496 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.).

■ Our inquiry thus turns to whether the remaining summary judgment evidence establishes that no fact issue exists as to a necessary element of appellant's malpractice action. We note that in regard to those alleged acts of malpractice relating to testing, diagnosis and treatment, the affidavit of appellant, who is a layman, is incompetent evidence and cannot controvert the sworn testimony of Vartian, Fleming, and the appellee. *Hart v. Van Zandt*, 399 S.W.2d 791, 792 (Tex.1965); *Duncan v. Horning*, 587 S.W.2d 471, 474 (Tex.Civ. App.—Dallas 1979, no writ); Tex.R.Civ.P. 166a(e). Appellant claims, however, that his affidavit does present an issue concerning the one remaining alleged act of malpractice: appellee's failure to take a "complete and accurate history" of Mrs. Gandara.

The affidavit which appellee filed with his motion for summary judgment states in pertinent part:

I originally was told by Dr. Sarwall and Mr. Gandara that Mrs. Gandara had used approximately ten compazine suppositories on the preceding day, January 1, 1986. I admitted Mrs. Gandara to the hospital and treated her for a urinary tract infection and possible compazine overdose.

■ Appellant's affidavit recites that Mrs. Gandara had only taken "one or two," and that appellant took the remaining capsules to appellee "to show him that his wife could not have taken an overdose." At issue is whether the conflict between the two sworn statements raises a *material* fact issue. *See* Tex.R.Civ.P. 166a(c).

We fail to see how the accuracy of appellee's "possible compazine overdose" diagnosis has any bearing on his liability for Mrs. Gandara's death from meningitis. The evidence does not reflect (and appellant does not allege) that the symptoms of such an overdose in any way mimic the symptoms of meningitis, or that the appel-

lee may have confused one ailment for the other. On the contrary, the affidavits of both Drs. Vartian and Fleming state that Mrs. Gandara did not exhibit any symptoms of meningitis until four days after the appellee's original diagnosis. Thus, we conclude that the fact issue raised by the conflicting affidavits is immaterial to this case. The existence of an immaterial fact issue does not defeat a summary judgment. *Borg–Warner Acceptance Corp. v. C.I.T. Corp.,* 679 S.W.2d 140, 144 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.); Tex.R.Civ. P. 166a(c). Since the evidence effectively disproves all alleged acts of negligence, the trial court did not err in granting the summary judgment. We overrule points four and five.

The judgment of the trial court is AFFIRMED.