**Officer G. HUDDLESTON, Officer R.D. Hill, Officer T. Robinson, and the City of Balch Springs, Texas, Appellants,**

v.

**Rodney MAURRY, Rhonda Maurry, and Rodney Maurry, as next friend of Jeremiah Maurry, A minor, and on behalf of the estate of Felicia Maurry, deceased, Appellees.**

**No. 05-91-01010-CV.**

Court of Appeals of Texas, Dallas.

Sept. 2, 1992.

Rehearing Denied Oct. 7, 1992.

**26**

James T. Jeffrey, Jr., Arlington, for appellants.

David R. Weiner, Edward H. Moore, Dallas, for appellees.

Before STEWART, CHAPMAN and KAPLAN, JJ.

## OPINION

CHAPMAN, Justice.

This case involves a citizen's death after a high-speed police chase. Procedurally, it is an appeal from a summary judgment granted in favor of appellees Rodney and Rhonda Maurry, Rodney Maurry as next friend of Jeremiah Maurry, a minor, and Rodney Maurry on behalf of the estate of Felicia Maurry. Appellees brought suit against appellants under the Wrongful Death statute, TEX.CIV.PRAC. & REM.CODE ANN. § 71.001–011 (Vernon 1986); the Survival statute, TEX.CIV.PRAC. & REM.CODE ANN. § 71.021 (Vernon 1986); and the Texas Tort Claims Act, TEX.CIV.PRAC. & REM. CODE ANN. §§ 101.001–101.109 (Vernon 1986). Appellants Officers G. Huddleston, R.D. Hill, and T. Robinson, along with the City of Balch Springs, raise six points of error, which we will address in two groups. They contend that the trial court erred in: (1) overruling Huddleston, Robinson, and Hill's motion for summary judgment because as a matter of law they were entitled to immunity and in failing to grant complete relief to Balch Springs on its motion for summary judgment because as a matter of law it was also entitled to immunity and (2) overruling Robinson and Hill's motion for summary judgment because as a matter of law their actions were not a proximate cause of the collision in question. We overrule appellants' points of error and affirm the trial court's judgment.

## FACTS

On October 15, 1988, Officer Huddleston saw John Ward drive from a public street through a private parking lot and onto another public street in an apparent attempt to avoid a traffic light. Believing that Ward had committed a traffic violation, Officer Huddleston began pursuing Ward and called for back-up officers. Officer Robinson responded to the call and acted as a radio communication link with the dispatch center. Officer Hill, a trainee, was a passenger in Robinson's backup vehicle. Ward's car collided with a car occupied by Rodney, Felicia, Rhonda, and Jeremiah Maurry. Felicia Maurry died as a result of the collision. At no time did the officers' vehicles collide with Ward's or the Maurrys' cars.

## STANDARDS OF REVIEW

### 1. Summary Judgment

The Texas Supreme Court has established the following standards for reviewing a motion for summary judgment:

1. The movant for summary judgment has the burden of showing that there is no issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Summary judgment is proper if the pleadings, depositions, admissions, and affi-

davits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 412 (Tex. 1989). To establish a right to summary judgment, a defendant must either disprove an essential element of the plaintiff's cause of action as a matter of law or establish all elements of his defense as a matter of law. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). In a summary judgment case, the question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the cause of action. *Gibbs,* 450 S.W.2d at 828.

### 2. Qualified Immunity

■ Governmental immunity, also known as sovereign immunity, applies to the governmental body and is subject to the statutory exception under the Texas Tort Claims Act. *See Baker v. Story,* 621 S.W.2d 639, 643 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.); TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). Government officers have a common-law immunity from personal liability while performing discretionary duties in good faith in the course and scope of their authority. *See Campbell v. Jones,* 153 Tex. 101, 264 S.W.2d 425, 427 (1954). This immunity evolved to encourage public officers to carry out their duties without fear of personal liability. *Baker,* 621 S.W.2d at 643–44. To establish the affirmative defense of qualified immunity, a movant must show that:

1. he pleaded qualified immunity as an affirmative defense;
2. his position with the government enjoys a quasi-judicial status;
3. he was performing a discretionary function as opposed to a ministerial function; and
4. he was acting in good faith within the course and scope of his duties.

*See Wyse v. Department of Public Safety,* 733 S.W.2d 224, 227 (Tex.App.—Waco 1986, writ ref'd n.r.e.); TEX.R.CIV.P. 94.

■ Ordinarily, the denial of a summary judgment is interlocutory and unappealable. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982). Texas statutes allow officers or employees of the state or its political subdivision to appeal a denial of summary judgment when they have asserted qualified immunity. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp. 1992).

### ANALYSIS

#### A. Proximate Cause

In their fourth and fifth points of error, appellants contend that the trial court erred in overruling Officers Robinson and Hill's motion for summary judgment because, as a matter of law, their actions were not a proximate cause of the collision in question. Appellees claim that the issue of proximate cause is not properly before this Court. The motion for summary judgment raised the issue of proximate cause. However, appellants base their appeal on section 51.014(5) of the Texas Civil Practice and Remedies Code, which allows them to appeal only from a denial of a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. TEX.CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1992). Therefore, the issue of proximate cause is not properly before this Court. We dismiss appellants' fourth and fifth points of error.

#### B. Entitlement to Immunity

##### 1. Regarding Officers Huddleston, Robinson, and Hill

In their first three points of error, appellants contend that the trial court erred in overruling Officers Huddleston, Robinson, and Hill's motion for summary judgment because, as a matter of law, there was no issue of material fact or law concerning their entitlement to the defense of qualified immunity.

Appellants' sole complaint on appeal involves the defense of qualified immunity. The officers properly pleaded immunity. See TEX.CIV.PRAC. & REM.CODE ANN. § 51.-014(5) (Vernon Supp.1992). The summary judgment evidence before the court includes the affidavits of the officers involved in the pursuit and of Earl Morris, Bureau Chief for Standards and In–Service Training for Utah Peace Officers Standards and Training. The officers' affidavits describe their roles in the pursuit. Each officer stated that the pursuit was carried out with the good faith belief that he acted in a reasonable manner. However, appellees presented Earl Morris' affidavit, which disputed the officers' claims of good faith.

### (a) Designation of Expert

■ Appellants claim that appellees did not designate Morris as a person with knowledge of relevant facts or as an expert witness. Appellants argue that, since a summary judgment proceeding is a trial for the purposes of rule 63 of the Texas Rules of Civil Procedure regarding amended pleadings, it should be considered a trial for purposes of other rules of civil procedure, including rule 166b(6), which imposes a duty to supplement discovery to disclose the identity of experts prior to trial.

Appellants contend that the holding in *Gandara v. Novasad* is inapplicable to the facts of the instant case. *Gandara v. Novasad,* 752 S.W.2d 740 (Tex.App.—Corpus Christi 1988, no writ). In *Gandara,* the court stated that Rule 166a sets forth a comprehensive scheme that applies to summary judgment before a trial on the merits is held. Further, Rule 166c sets forth the time frame for filing affidavits before a summary judgment hearing. In contrast, Rule 166b relates to pre-trial discovery. The court held that in a summary judgment proceeding, a party need not supplement answers to interrogatories in order to use affidavits of previously undisclosed witnesses in the proceedings.

Appellants attempt to distinguish *Gandara.* Appellants contend that, because no objection was made to the affidavit sought to be excluded, the trial court in *Gandara* properly considered the affidavits and there was no need for the court to reach the issue of Rule 166b's application to the affidavits. Appellants claim that, since they objected to Morris' affidavit, *Gandara* is distinguishable from the instant case.

In *Gandara,* the appellants challenged the admissibility of three affidavits. Only one went without objection in the trial court and thus the trial court did not address the applicability of Rule 166b to that affidavit. It did, however, address whether the duty to supplement answers to an interrogatory imposed by Rule 166b applied to a summary judgment with regard to the two remaining affidavits. Noting that Rule 166b applies to form and scope of pretrial discovery, and 166a and 166c apply to summary judgment proceedings, the court in *Gandara* held that there was no duty to supplement the answer to an interrogatory in a summary judgment proceeding and, therefore, the affidavits of previously undisclosed witnesses could be considered by the trial court. *Gandara,* 752 S.W.2d at 743. Similarly, the trial court in this case properly considered Morris' affidavit.

### (b) Good Faith

■ The affidavit of Earl Morris states not only that the officers failed to act in good faith, but lists five instances where the officers did not act in good faith. He further states that the officers actively participated in the pursuit and did not comply with state laws governing emergency vehicle operation, which he set forth in his affidavit. The controverting affidavit of Morris raises a fact question as to whether the officers acted in good faith.

### (c) Discretionary Functions

■ Appellants also failed to establish as a matter of law that they acted within their discretion. The Legislature has enacted statutes that allow drivers of authorized vehicles certain privileges when responding to an emergency call or when in pursuit of an actual or suspected violator of the law. TEX.REV.CIV.STAT.ANN. art. 6701d, § 24(b) (Vernon 1977). The statute,

however, does not relieve drivers of emergency vehicles of the duty to drive with due regard for the safety of all persons using the highway. TEX.REV.CIV.STAT.ANN. art. 6701d, § 75(b) (Vernon 1977). Section 24 of the statute also states that, although the driver may exceed the maximum speed limits so long as he does not endanger life or property, he is not relieved from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others. TEX.REV.CIV.STAT.ANN. art. 6701d, § 24 (Vernon 1977). Discretionary acts are those which require personal deliberation, decision and judgment, while ministerial actions require obedience to orders or the performance of a duty as to which the actor is left no choice. *Wyse*, 733 S.W.2d at 227. An officer's actions, in responding to an emergency call, do not involve matters within his discretion as an officer, or any judicial act within official jurisdiction. *Eubanks v. Wood*, 304 S.W.2d 567, 570 (Tex.Civ.App.—Eastland 1957, writ ref'd n.r.e.).

Officers Huddleston, Hill, and Robinson are not protected by qualified immunity because their actions in the pursuit did not involve matters within their discretion. In responding to an emergency they still were required to obey the safety standards established in article 6701d. We conclude that the officers have not established, as a matter of law, a basis for qualified immunity. We overrule points one, two, and three.

## 2. Regarding the City of Balch Springs

█ In the sixth point of error, the City of Balch Springs contends that the trial court erred in overruling its motion for summary judgment because as a matter of law there was no issue of material fact or law as to its entitlement to the defense of immunity. The parties disagree as to whether the trial court's denial of the summary judgment is appealable by the City.

Generally, the overruling of a motion for summary judgment is interlocutory in nature and not appealable. *Schlipf*, 644

S.W.2d at 454. The Texas Rules of Appellate Procedure permit appeals from interlocutory orders only when allowed by law. *See* TEX.R.APP.P. 42(a)(1). The City argues that, under section 51.014(5) of the Texas Civil Practices and Remedies Code, the Court of Appeals has jurisdiction over the case. Section 51.014(5) of the Texas Civil Practice and Remedies Code states that:

> A person may appeal from an interlocutory order of a district court, county court at law, or county court that ... denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.

TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1992). The Code Construction Act (Chapter 311 of the Government Code) applies to the construction of each provision in the Civil Practices and Remedies Code, except as expressly provided by the Civil Practices and Remedies Code. TEX.CIV.PRAC. & REM.CODE ANN. § 1.002 (Vernon Supp.1992). The city relies on the term "person," as defined in the Government Code, which includes government, government subdivisions, and government agencies. TEX.GOV'T CODE ANN. § 311.005(2) (Vernon 1988). Appellees rely on the further provision in the Code Construction Act that the definitions contained therein apply "unless the statute or context in which the word or phrase is used requires a different definition." TEX.GOV'T CODE ANN. § 311.005 (Vernon 1988).

Thus, appellees argue that, analyzing section 51.014(5) in conjunction with the Code Construction Act, the term "person" as defined in section 311.005 conflicts with the term "individual," which is used later in section 51.014(5). They contend that if "person" were to include a government subdivision, then the range of appeals under section 51.014(5) would be overly broad, and this open interpretation would allow a government subdivision to appeal an interlocutory order based on an individual's immunity, regardless of whether the individual has appealed the order himself.

We conclude, however, that the legislative intent of section 51.014(5) is to include the government and its subdivisions as "person(s) who may appeal from an interlocutory order." The statute allows the officer or employee who is subject to the suit an interlocutory appeal when he asserts immunity. Regardless of whether the individual appeals, the governmental agency should also have the right to an interlocutory appeal because *its* liability is based on the actions of its employee.

 Having determined that the appeal is properly before this court, we turn to the question of whether the trial court properly denied the City's motion for summary judgment. The City asserts that, although the trial court sustained part of the motion, it should also have granted summary judgment in its favor on the issues of negligence in failing to properly terminate the pursuit and in failing to properly use emergency warning devices. The City contends that it is entitled to immunity.

Governmental immunity is waived to the extent provided by the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.-001–101.109 (Vernon 1986); TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.025 (Vernon 1986). The City's liability is controlled by section 101.021 of the Act. A governmental unit in the state is liable for property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1986).

The City is not immune if liability is established under section 101.021(1). See TEX.CIV.PRAC. & REM.CODE ANN. § 101.025 (Vernon 1986) (sovereign immunity waived to the extent of liability created by the Act).

Our analysis now turns to the question of the City's immunity as it relates to the issue of negligence in the failure to terminate the pursuit and in the failure to use emergency warning devices. We hold that issues of material fact remain regarding the conduct of the officers. If appellees successfully prove their causes of action against the officers, the City will not be immune from liability. Because there are still questions of fact regarding the officers' actions, the City is not entitled to summary judgment on the issue of negligence. We overrule appellants' sixth point of error.

Accordingly, we affirm the trial court's judgment.