In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00195-CR


______________________________




CALVIN WAYNE SANDERS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Delta County, Texas


Trial Court No. 6,486




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Calvin Wayne Sanders appeals the revocation of his community supervision. 
Sanders pled guilty to possession of cocaine in an amount less than one gram. The trial
court assessed his punishment at two years' confinement in a state jail facility, but
suspended the imposition of his sentence and placed him on five years' community
supervision.

 Later, the State moved to have the trial court revoke Sanders' community
supervision. Sanders pled true to the State's allegations as part of a plea agreement. The
trial court sentenced him to eighteen months' confinement in a state jail facility, in
accordance with the plea agreement.

 The record shows the trial court pronounced sentence March 28, 2002. Sanders
filed his notice of appeal September 19, 2002.

 Rule 26.2 requires a notice of appeal to be filed "within 30 days after the day
sentence is imposed or suspended in open court, . . . ." Tex. R. App. P. 26.2. Sanders'
notice of appeal is untimely, having been filed more than thirty days after the trial court
pronounced sentence. Therefore, this Court is without jurisdiction over the appeal. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). (1)

 The appeal is dismissed for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: October 17, 2002

Date Decided: October 18, 2002


Do Not Publish

1. The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas
corpus from the Texas Court of Criminal Appeals pursuant to Tex. Code Crim. Proc. Ann.
art. 11.07 (Vernon Supp. 2002). Ashorn v. State, 77 S.W.3d 405, 409 (Tex. App.-Houston
[1st Dist.] 2002, pet. filed); Rivera v. State, 940 S.W.2d 148, 149 (Tex. App.-San Antonio
1996, no pet.); George v. State, 883 S.W.2d 250, 251 n.3 (Tex. App.-El Paso 1994, no
pet.); see also Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) ("denial of
a meaningful appeal due to ineffective assistance of counsel is a proper ground for habeas
corpus relief").


ch
Dr. Naples stated that Pauline Johnson had sustained irreversible damage to both feet due to poor
surgical care and substandard follow-up treatment, which did not end until Pauline Johnson's last
office visit with Dr. Fuselier on July 16, 1996, a date that would have been within limitations. At
the hearing, Dr. Fuselier filed a Motion to Strike the documents and the affidavit, contending they
set out new opinions that had not been properly provided through the discovery process. The motion
was granted.

 The Johnsons contend the trial court abused its discretion by striking their response and
affidavit, and by granting Dr. Fuselier's Motion for Summary Judgment. The sequence of events
shown by the record is as follows: 

April 4, 1995 Dr. Fuselier's last surgery on Pauline Johnson.

June 5, 1998 Dr. Naples prepared report in which he stated the surgery was negligently
performed.


July 6, 1998 Lawsuit filed.

April 6, 2000 The Johnsons answered discovery (Order to compel).

April 10, 2000 First Amended Original Petition filed.

Sept. 19, 2000 Counsel for Dr. Fuselier informed the Johnsons Dr. Naples's original report
only applied to matters barred by limitations.


Oct. 13, 2000 Dr. Fuselier's Motion for Summary Judgment filed.

Nov. 22, 2000 The Johnsons filed Second Amended Original Petition and summary
judgment response with Dr. Naples's affidavit.


Nov. 27, 2000 Dr. Fuselier's Motion to Strike filed.

Nov. 27, 2000 Hearing held, Motion to Strike granted, and summary judgment granted
dismissing the suit.


Trial had been set for the week of December 18.

 Dr. Fuselier contends in his Motion for Summary Judgment that the lawsuit and the
statutorily required report were predicated on allegations of injuries caused by the surgeries and
contained no complaint about post-surgery care. Dr. Fuselier also takes the position that the
Johnsons raised allegations of post-operative negligence and "fraudulent misrepresentation" for the
first time in their Second Amended Original Petition. This statement is partially correct. The First
Amended Original Petition does contain allegations that Dr. Fuselier failed to properly follow up
after the operations, but does not contain any allegations that he committed fraud. 

 Dr. Fuselier relies on the failure in the expert report to provide any information to support
a claim that post-operative care was inadequate. He argues that the expert's original report focuses
on negligence in the operation and that the trial court acted within its discretion in striking the
documents and affidavit because the Johnsons failed to properly and timely supplement discovery
responses and provide information about the claimed negligence in follow-up procedures, as required
by Tex. R. Civ. P. 193.5(b).

 The Johnsons contend the trial court abused its discretion by striking their Response to the
Motion for Summary Judgment and the attached affidavit because the alleged "new information" was
not new, but had previously been set out in the original expert's report. Dr. Fuselier's Motion to
Strike asked the trial court to strike the response and affidavit as a discovery sanction. The trial court
granted the Motion to Strike and then granted the summary judgment.

 Counsel was made fully aware, by letter, of the impending limitations problem on
September 19, 2000, well before Dr. Fuselier filed his Motion for Summary Judgment on October
13. The Johnsons did not, however, make any attempt to address this issue until they filed their
Second Amended Original Petition and their Response to the Motion for Summary Judgment with
attached affidavit on November 22, 2000. (1) 

 After conducting a hearing, the trial court struck the Response and second affidavit without
explanation. Dr. Fuselier's motion sought the relief based on allegations of discovery violations. 
Specifically, he pointed out to the trial court that the lawsuit had been pending for two years, that no
course of treatment theories had surfaced before, and that the Johnsons had not provided any
supplemental disclosure to their answers to discovery concerning any post-operative allegations. 
Dr. Fuselier then pointed out that sixty-nine days had elapsed since the Johnsons had received
Dr. Fuselier's counsel's letter setting out the limitations problem and that not only had they not
supplemented discovery, they had not attempted to take any other action until the filing of the
contested documents on November 22-a date only five days before the summary judgment hearing
date and less than thirty days before the trial date.

 Although the docket reflects a hearing was conducted, we have no record of that hearing. 
Further, our docketing certificate affirmatively shows no attempt was made to obtain a record from
that hearing. 

 We review the trial court's imposition of discovery sanctions under an abuse of discretion
standard. Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 442-43. (Tex. 1984). 

 Although the Texas Supreme Court has held that a trial court has discretion to impose
discovery sanctions pursuant to former Tex. R. Civ. P. 215 (Vernon 1997) when a party fails to
supplement its answers to the discovery requests, the cases in which the court permitted such
sanctions were determined in connection with trial-not summary judgments. Alvarado v. Farah
Mfg. Co., 830 S.W.2d 911, 914 (Tex. 1992); Newsom v. State, 922 S.W.2d 274, 280 (Tex.
App.-Austin 1996, no writ). The question now before this court is whether the application of these
rules in tandem is different because of the amendments made to the rules.

 Dr. Fuselier directs the court to Tex. R. Civ. P. 193.6, which provides for the effect on trial
of a party's failure to timely respond. (2)
 It reads in part: "A party who fails to make, amend, or
supplement a discovery response in a timely manner may not introduce in evidence the material or
information that was not timely disclosed, or offer the testimony of a witness (other than a named
party) who was not timely identified," unless the court finds good cause for the failure or that the
failure will not unfairly surprise or prejudice the other side. 

 The summary judgment rule, Tex. R. Civ. P. 166a(f), provides that summary judgment proof
must contain facts that would be admissible in evidence and show affirmatively that the affiant is
competent to testify to the matters stated therein. Applying these two rules in combination, then, if
the evidence provided as summary judgment proof will not be admissible at trial due to sanctions
imposed under Rule 193.6, that evidence cannot be proper summary judgment proof. It is arguable
that as a result of this application of the two rules in tandem, Rule 193.6 provides for the striking of
summary judgment proof in certain circumstances. 

 In reviewing the rules governing discovery as they existed before the 1997 rewriting of the
discovery rules, Texas courts consistently held that Rule 166b did not apply to summary judgment
proceedings with respect to the duty to supplement discovery. Ezrailson v. Rohrich, 65 S.W.3d 373,
378-79 (Tex. App.-Beaumont 2002, no pet); Williams v. Huber, 964 S.W.2d 84, 88 (Tex.
App.-Houston [14th Dist.] 1997, no pet.); Stoll v. Rothchild, 763 S.W.2d 437, 441 (Tex.
App.-Houston [14th Dist.] 1988, writ denied); see Purvis Oil Corp. v. Hillin, 890 S.W.2d 931, 939
(Tex. App.-El Paso 1994, no writ); Huddleston v. Maurry, 841 S.W.2d 24, 28 (Tex. App.-Dallas
1992, writ dism'd w.o.j.); Diaz v. Rankin, 777 S.W.2d 496, 501 (Tex. App.-Corpus Christi 1989,
no writ). The reasons for refusing to apply those rules were first articulated in Gandara v. Novasad,
752 S.W.2d 740, 742 (Tex. App.-Corpus Christi 1988, no writ). The Corpus Christi court stated
that the rules of discovery were not applicable to summary judgments because the summary
judgment rule provided a comprehensive framework for summary judgment proceedings. The court
correctly noted that parties might not even attempt to use the witnesses who supplied affidavits for
summary judgment proceedings at the trial of the case and reasoned that because Rule 166a required
the affidavits to be provided within a particular time frame before the summary judgment hearing,
the generic trial rules would not apply.

 The court in Ersek v. Davis & Davis, P.C., 69 S.W.3d 268 (Tex. App.-Austin 2002, pet.
denied), decided to the contrary. The court found that Rule 193.6(a) applied to a summary judgment
when a party failed to timely designate an expert witness and the deadline for doing so had expired
before the summary judgment proceeding. This holding constituted a change in the application of
those rules. The court did not address the "comprehensive scheme" concept. Instead, it decided that
the critical question was whether a court could now determine a "date certain" and thus know with
certainty whether particular evidence would be admissible at trial. The court reasoned that as a result
of changes in the discovery rules, Tex. R. Civ. P. 195.2 now provides a date certain for designating
expert witnesses instead of using the date of trial as the reference point. Id. Because the final date
for discovery (and thus the admissibility of the evidence) in that context can now be established
(without reference to a trial date), the appellate court reasoned it could now decide whether the
evidence would be admissible at trial and thus whether it could be proper summary judgment proof.

 In Ersek, the plaintiff did not timely designate his expert and then did not establish that an
exception to the requirement applied in his case. The evidence was therefore inadmissible at trial. 
The court concluded that because the evidence was inadmissible, it was proper to apply this rule in
the context of a summary judgment proceeding.

 We do not agree with the holding in Ersek. That court did not state any compelling reason
to change the law, and the mere fact that it could not determine whether the evidence would
ultimately be admissible at trial should not control the immediate question of whether it could be
used as summary judgment evidence if the evidence was provided in compliance with the summary
judgment rules.

 In the present case, we address the application of Tex. R. Civ. P. 193.5 and 193.6. 
Rule 193.5 provides a party must supplement a discovery response reasonably promptly after the
party discovers the necessity for such a response and provides a presumption that an amended or
supplemental response filed less than thirty days before trial was not made reasonably promptly. 
Rule 193.6 states that if the supplementation is untimely and good cause is not shown, the evidence
may not be admitted at trial. Because the promptness of the discovery response is determined in
relation to the trial date, it is not possible at the time of the summary judgment proceeding to
determine whether the evidence was timely, and thus admissible, at trial. 

 Thus, even if we chose to apply the reasoning of Ersek to these facts, the result would not
be different because we cannot with any degree of certainty determine whether the evidence would
ultimately have been admissible at trial--because we do not know when that trial would have taken
place. The mere setting of a date for trial does not provide the necessary "date certain" by which we
can determine whether the evidence would have been admissible at trial. (3)

 We therefore conclude the trial court abused its discretion by striking the response and the
affidavit. (4) 

 The remaining question is whether the error requires reversal. To obtain a reversal, an
appellant must show that the trial court committed error and that the error was reasonably calculated
to cause and probably did cause the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1);
McCraw v. Maris, 828 S.W.2d 756, 757 (Tex. 1992). In order to answer that question, we will
review the summary judgment Response and affidavit and determine whether the failure to consider
that evidence was reasonably calculated to cause and probably did cause the trial court to render an
improper judgment. The motion was not a no-evidence motion; thus, we review the judgment
applying traditional summary judgment standards. To prevail on a motion for summary judgment,
a movant must establish that there is no genuine issue as to any material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

 If, in response to the motion for summary judgment, the nonmovant timely amends his
petition to add new causes of action, the movant is required to amend the motion to negate the newly
pleaded theories. Jones v. Ray Ins. Agency, 59 S.W.3d 739 (Tex. App.-Corpus Christi 2001, no
pet.); Rose v. Kober Fin. Corp., 874 S.W.2d 358, 361-62 (Tex. App.-Houston [14th Dist.] 1994, no
writ). In this case, however, the amended petition was not timely filed and was struck. Thus, we are
left solely with the allegations raised in the earlier pleading, which allege only that Dr. Fuselier was
negligent because he failed "to properly follow up Plaintiff after the operations" and "failed to refer
Plaintiff to a specialist." This attempts to raise a negligent course of treatment claim.

 That type of allegation is controlled by Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01
(Vernon Supp. 2002). The limitations aspect of the statute states that this type of claim applies only
if "the patient's injury occurs during a course of treatment for a particular condition and the only
readily ascertainable date is the last day of treatment." Shah v. Moss, 67 S.W.3d 836, 845 (Tex.
2001); Kimball v. Bros., 741 S.W.2d 370, 372 (Tex. 1987). In Shah, the plaintiff alleged both
negligent eye surgery and negligent follow-up treatment. Because the date for the eye surgery was
known, the court held limitations began to run for the surgery on the date of the surgery, not the later
date on which the follow-up treatments ended. Shah, 67 S.W.3d at 845.

 The court also reiterated its prior holdings that "even if a standard of care requires an ongoing
duty to monitor, we do not apply the course-of-treatment limitations provision if we can ascertain
the tort date." Id.

 In this case, the only type of injury specified by the initial expert affidavit, which was
prepared on June 5, 1998, occurred during the surgeries. The date of the last surgery is ascertainable,
and because it is ascertainable, limitations for negligence relating to the surgery must begin on that
date. (5) Shah, 67 S.W.3d at 847; Earle v. Ratliff, 998 S.W.2d 882, 887 (Tex. 1999). The affidavit
which was struck added statements by the expert that Dr. Fuselier's treatment for post-operative pain
was negligent because it only masked the symptoms of Pauline Johnson's continuing problems. 
Even those statements, however, were premised on the expert's conclusion the surgeries were
incompetently performed, and the surgeries remained the focus of the allegation of actionable injury. (6)

 In the complete absence of any evidence within the summary judgment proof to show that
some type of legally cognizable course-of-treatment claim existed that would change the operative
date for limitations to a later time, we conclude the trial court's error in striking the second affidavit
was neither reasonably calculated to cause, nor did it probably cause, the rendition of an improper
judgment. 

 The judgment is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: January 3, 2002

Date Decided: July 31, 2002


Publish
1. That date is only five days before the date set for the hearing on the Motion for Summary
Judgment. Tex. R. Civ. P. 166a(c) requires the response to a motion for summary judgment to be
filed and served no later than seven days before the day of the hearing, unless the court grants leave
to make a late filing. The response was not timely filed, the record does not indicate counsel sought
permission to make the late filing, and the trial court did not grant permission to late file the
response. The Johnsons state in their brief that opposing counsel had agreed to the late filing. That
decision is not one properly made by counsel. The rule explicitly states that the time frame may be
adjusted and the deadline for filing the response extended "on leave of court." It does not state that
an agreement with opposing counsel will suffice. The deadline is not solely for the benefit of the
opposing party. It is also designed to provide the trial court with time to review the response, and
we do not find that acquiescence of opposing counsel is sufficient to meet the requirements of the
rule. However, Dr. Fuselier's counsel has stated explicitly that because of their agreement, he will
not pursue that matter on appeal. 
2. The entire rule reads as follows:


 193.6. Failing to Timely Respond-Effect on Trial 


 (a) Exclusion of Evidence and Exceptions. A party who fails to make, amend,
or supplement a discovery response in a timely manner may not introduce in evidence
the material or information that was not timely disclosed, or offer the testimony of
a witness (other than a named party) who was not timely identified, unless the court
finds that:


 (1) there was good cause for the failure to timely make, amend, or
supplement the discovery response; or


 (2) the failure to timely make, amend, or supplement the discovery
response will not unfairly surprise or unfairly prejudice the other parties. 


 (b) Burden of Establishing Exception. The burden of establishing good cause
or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce
the evidence or call the witness. A finding of good cause or of the lack of unfair
surprise or unfair prejudice must be supported by the record. 


 (c) Continuance. Even if the party seeking to introduce the evidence or call
the witness fails to carry the burden under paragraph (b), the court may grant a
continuance or temporarily postpone the trial to allow a response to be made,
amended, or supplemented, and to allow opposing parties to conduct discovery
regarding any new information presented by that response. 


3. When, as in this case, the record presented to us does not contain a transcript of what
transpired at the hearing about which the appellant complains, we cannot and should not speculate
as to the reasons why a trial court made a certain decision. Johnson v. Randall's Food Mkts., Inc.,
869 S.W.2d 390, 394 (Tex. App.-Houston [1st Dist.] 1993), rev'd on other grounds, 891 S.W.2d
640 (Tex. 1995); see Glenn v. Kinco Crane, Inc., 836 S.W.2d 646, 648 (Tex. App.-Houston [1st
Dist.] 1992, no writ). However, if the trial court had no authority to make a particular ruling, the
reasons for its act are irrelevant.
4. We are aware a trial court cannot abuse its discretion if it reaches the right result, even for
the wrong reason. See In re Acevedo, 956 S.W.2d 770, 775 (Tex. App.-San Antonio 1997, no pet.);
Hawthorne v. Guenther, 917 S.W.2d 924, 931 (Tex. App.-Beaumont 1996, writ denied); Luxenberg
v. Marshall, 835 S.W.2d 136, 141-42 (Tex. App.-Dallas 1992, orig. proceeding). However, we
decline to reach the question concerning the late filing, which would have justified a refusal to
consider both documents, for the reasons stated previously.
5. There is also no allegation or proof to bring this lawsuit within the fraudulent concealment
exception.
6. It appears two surgeries were performed: in July 1994 and February 1995.