NUMBER 13-06-00478-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


COY GILLENWATER, Appellant,


v.
 


FORT BROWN VILLAS, III

CONDOMINIUM ASSOCIATION, INC.,

D/B/A FORT BROWN CONDOSHARES

AND LRI MANAGEMENT, INC., Appellees.

 


On appeal from the 138th District Court 

of Cameron County, Texas.


 


DISSENTING MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Dissenting Memorandum Opinion by Justice Vela





 I write separately to dissent and to raise what appears to be a conflict within our
own court as well as among various courts of appeals. The majority states that the
trial court had no discretion to strike appellant's expert's affidavit which was filed after
all expert deadlines had passed but was timely filed in response to Fort Brown's no-evidence motion for summary judgment. See Tex. R .Civ. P. 190.3, 190.4, 193.6. 
166a(i). The majority reasons that two previous cases from this Court hold that the
discovery rules are inapplicable in a summary judgment proceeding, so it is of no
consequence that appellant failed to meet his deadline for designating experts. See
Alaniz v. Hoyt, 105 S.W.3d 330, 340 (Tex. App.-Corpus Christi 2003, no pet.);
Gandara v. Novasad, 752 S.W.2d 740, 743 (Tex. App.-Corpus Christi 1988, no writ). 
 These cases do, in fact, stand for the proposition that the discovery rules do not
apply in summary judgment proceedings because Rule 166a presents a
comprehensive framework. In a later opinion, however, this Court clearly suggested
that Rule 193.6 of the rules of civil procedure would apply in a summary judgment
case. Soto v. Drefke, No. 13-03-301-CV, 2005 WL 549506 at *2 n.9 (Tex.
App.-Corpus Christi 2005, pet. denied) (mem. op.) ("We do not wholly disagree with
the application of Rule 193.6 in a summary judgment context under the revised
rules."). (1) I agree that the revised discovery rules should apply to summary judgments.

 I also dissent because Carper's conclusory affidavit was incompetent summary
judgment evidence and was correctly excluded by the trial court. Without it, there is
no evidence that Fort Brown had actual or constructive knowledge of some condition
on the premises that created an unreasonable risk of harm.

I. The Carper affidavit was properly struck because the witness was not timely 
 designated.


 Appellant failed to meet the deadlines set forth in the rules of civil procedure. 
Generally, Rule 193.6 of the Texas Rules of Civil Procedure provides that expert
testimony, not properly and timely disclosed, is inadmissible. If a party who fails to
timely designate seeks to introduce such evidence or call a witness, the burden of
establishing good cause or unfair surprise is upon that party. Tex. R. Civ. P. 193.6(b). 
The majority disregards this rule because it is not part of the framework of a summary
judgment proceeding. 

 Here, the parties specifically entered into an agreed Level III scheduling order
pursuant to Texas Rule of Civil Procedure 190.4, in which the appellant's discovery
deadline for designating experts was extended to September 22, 2005, a date certain. 
This date was not complied with and Fort Brown filed a no-evidence motion for
summary judgment five months later after its own deadline had passed. 

 Both Alaniz and Gandara hold that the discovery rules do not apply to summary
judgments. Gandara, however, was a 1988 case which applied the pre-1999
discovery rules. Since 1988, the rules of civil procedure have changed with regard
to both summary judgment practice and discovery. Rule 166a(i) allows a motion for
summary judgment to be filed after adequate time for discovery. And, in 1999,
dramatic changes were made in pretrial discovery. The amended rules discourage
delay. Under the old rules, the ending date of the discovery period and the date for
designating experts were fluid, depending on the trial date. See Tex R. Civ. P.
166b(6)(b) (West 1998, repealed 1999). That is no longer the case. The date by
which experts must be designated are dates certain that do not fluctuate depending
upon the trial date. Ersek v. Davis & Davis, P.C., 69 S.W.3d 268, 273 (Tex. App. Austin
2002, pet denied). 

 Most of the appellate courts addressing whether the discovery rules apply in
a summary judgment case have applied the revised discovery rules to summary
judgments. See Ersek, 69 S.W.3d at 273-74; F.W. Industries, Inc. v. McKeehan, 198
S.W.3d 217 (Tex. App.-Eastland 2005, no pet.); Chau v. Riddle, 212 S.W.3d 699, 704-5 (Tex. App.-Houston [1st Dist.] 2006, pet. filed); Cunnigham v. Columbia/St. David's
Healthcare System, L.P., 185 S.W.3d 7,10 (Tex. App.-Austin 2005, no pet.)(Chief
Justice Laws opines that this Court is in accord with the Austin court); Villegas v.
Texas Dept. of Transp., 102 S.W.3d 26 (Tex. App.-San Antonio 2003, pet. denied); but
see Johnson v. Fuselier, 83 S.W.3d 892, 897 (Tex. App.-Texarkana 2002, no pet.). 

 The majority follows the previous opinions in Gandara and Alaniz, but does not
even mention that its most recent case seems to suggest that those cases may no
longer be precedent. At the very least, the majority should have spoken to this issue.

 The procedural rules require appellant to designate any expert by a date
certain. It is undisputed that the deadline was missed. Pursuant to Rule 193.6, the
expert would not be allowed to testify at trial unless there was good cause shown.
The Chau court agreed with this premise, finding that the trial court did not abuse its
discretion in striking the affidavit in a summary judgment proceeding. That court held:
"where the expert's testimony will be excluded at trial on the merits, it will be excluded
from a summary judgment proceeding." Chau, 212 S.W.3d at 704. 

 Here, Carper would not have been allowed to testify at trial because he was 
not designated timely. But, the majority still reverses because the summary judgment
rules are inapplicable to discovery.

 I believe the summary judgment rule itself suggests that it is not totally separate
from the discovery rules. Rule 166a(i) states, in part, "After adequate time for
discovery, a party without presenting evidence, may move for summary judgment on
the grounds that there is no evidence of one or more essential elements of a claim
or defense . . . ." By specifically allowing a party to move for summary judgment
when there has been adequate time for discovery, the summary judgment rule itself
shows that there is a connection between summary judgment motions and discovery. 
Further, the comments following Rule 166a state, in part: "A discovery period set by
pretrial order should be adequate for discovery unless there is showing to the contrary
. . . ." (2) Both the rule and the comments suggest a blending of the discovery rules with
the summary judgment rules to insure an orderly progression of a case. 

 It makes little sense under the revised rules to consider the rule regarding
summary judgments as wholly separate from other pre-trial procedural rules such as
those involving discovery. Both are procedural rules meant to expeditiously dispose
of cases. The evidence would not be admissible at trial, therefore the trial court
properly struck Carper's affidavit in this case. This scenario is akin to the supreme
court's admonition to this Court in Longoria v. United Blood Services, 938 S.W.2d 29,
30 (Tex. 1995). There, the supreme court cautioned that there was no difference
between the standard for admissibility of evidence in a summary judgment and in a
trial on the merits. And here, I believe there should be no difference in the application
of the discovery rules of procedure whether being reviewed in a summary judgment
proceeding or in a merits trial. Under either scenario, Carper doesn't get to testify.

 I do not believe the trial court abused its discretion in striking the affidavit.

2. There is no evidence that Fort Brown knew or should have known of a condition 
 on the premises that posed an unreasonable risk of harm.


 Regardless, even if Gandara and Alaniz are correctly decided and are binding
precedent, I believe that Carper's conclusory affidavit was properly struck. 
Conclusory affidavits by an expert are insufficient to support or defeat a summary
judgment. Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991). Expert opinions must
be supported by facts in evidence, not conjecture. Marathon Corp. v. Pitzner, 106
S.W.3d 724, 729 (Tex. 2003).

 Carper's affidavit states that he inspected the chair nearly two years after the
accident. Carper concluded that the chair was broken before Mr. Gillenwater sat in
it and that the alleged defect was visible before the accident. This is speculation. 
From my review of the summary judgment record, there was no underlying evidence
to support this conclusion. The undisputed facts regarding the chair's condition
before the accident do not support Carper's theory that the welds were broken before
the accident or visible upon inspection. No other witness testified that the chair
presented an unreasonable risk of harm or that Fort Brown knew that the chair was
dangerous or reasonably should have known that it was dangerous. Mr. Gillenwater
testified that the chair he sat in appeared to be in good condition. He did not notice
anything unusual. Frank Collins, manager of Fort Brown Condos, said that the
equipment is inspected daily and if anything goes wrong it is repaired as soon as the
problem is noticed. Prior to this accident, there had been no similar accidents. 

 The affidavit, even if considered, basically refers to the condition of the chair
two years after the accident and does not point to any fact which would show the
knowledge element required to hold Fort Brown liable under a premises liability
theory. Essentially, Carper's conclusions are based on his speculative opinions made
two years after the accident which are absolutely at odds with observations
concerning the chair before the accident, including those of Gillenwater.




 I would grant appellees' motion for rehearing and affirm the judgment of the trial
court. 





 ROSE VELA

 Justice

Dissenting Memorandum Opinion delivered and 

filed this 1st day of November, 2007.
1. The majority incorrectly states that I am accusing it "of creating a conflict within our own court" in the
majority's opinion. I am not. I think the conflict was previously created in Soto where Chief Justice Valdez
suggests that this Court does not wholly disagree that Rule 193.6 might apply to a summary judgment case
under the revised rules. Even though Alaniz and Soto deal with different issues, a common issue in all of
these cases, including this case, is whether 193.6 applies in a summary judgment brought under the revised
rules. 
2. The summary judgment was set for hearing on March 9, 2006, after the deadline for completing all
discovery.